## J. J. DAVIS vs.. J. J. BAKER.

Where land was levied on, and execution issued on a magistrate's judgment, and the said judgment, execution and levy were returned into the County Court and confirmed, and a *ven. ex.* was issued, and the land sold ; *Held*, that in an action to recover possession of the land, it was not necessary to show the justice's judgment and execution, but only the judgment of the Court, the execution sale, and deed by the Sheriff.

This was an action commenced the 7th day of July, 1869, to recover real estate, and tried before *Clarke, J.*, at a special session of WAYNE Superior Court, September 1871.

The plaintiff introduced the following record from Wayne County Court at May Term 1868 :

" *Davis & Kirby*     ⎫
    vs.        ⎬ Attachment.
*John Davis and Wife.* ⎭

It appearing to the satisfaction of the Court that advertise-

ment has been made according to law, and that all the papers have been filed, judgment is therefore, upon motion, rendered in favor of the plaintiffs against the defendants, for the amount of the justice's judgment, to-wit, in the sum of $18, with interest thereon from the 13th day of December, 1867, and all cost incurred in the proceedings below, as well as the cost incurred in this Court. On motion, it is ordered by the Court, that the land levied upon be condemned to satisfy this judgment, and that a writ of *ven. ex.* issue. Accordingly *vend. expo.* issued." He then read in evidence a *ven. ex.* and a sheriff's deed. The plaintiff then introduced evidence to show that the land in question was the property of Isabella Davis, before her marriage with John Daniel in 1866. The defendant read in evidence a mortgage deed to him by the said John Daniel and wife, dated September 21st, 1869, and proved that said mortgage had not been foreclosed, and that the mortgage debt had not been satisfied, and that he had been in possession of the land since the date of said mortgage deed.

Upon the above evidence, his Honor told the jury that the plaintiff had not introduced the levy and justice's judgment in the attachment, and on that account was not entitled to a verdict in this action, and instructed the jury to find for the defendant.

Verdict for the defendant. The plaintiff excepted to the above charge and prayed for and obtained an appeal to the Supreme Court.

*S. M. Isler,* for the plaintiff.
*Faircloth,* for defendant.

BOYDEN, J. In this case his Honor was mistaken in holding that it was necessary for the plaintiff to produce the judgment and execution of the Justice of the Peace.

Under the act of 1794, chap. 414, sec. 19, and until the act of 1822, Revised Code, chap. 45, secs. 12 and 13, it was neces-

sary for the plaintiff, who claimed land under a sale made by a sheriff in a case of a judgment of a Justice of the Peace, and an execution issuing thereon and levied upon land and returned to the County Court, not only to produce on the trial the order of sale of the County Court but likewise to produce and prove the judgment of the Justice and the execution issuing thereon, and also to show a proper levy made on the land sought to be recovered. And even after the act, unless the judgment of the Justice upon its return to the County Court was confirmed and made a judgment of that Court, the plaintiff after the act of 1822 was still bound, in a suit for the recovery of the land, to make the same proof that was required before the passage of that act. But when the plaintiff in the suit before the Justice, upon the return of the papers to the County Court, had his judgment confirmed and made a judgment of that Court, it was no longer necessary to produce the judgment and execution of the Justice of the Peace, but only to show the judgment of the County Court and the execution issuing thereon, the sale by the sheriff and his deed to the purchaser. This disposes of the case in this Court, and makes it unnecessary to notice the questions made as to the mortgage deed.

Error. This will be certified.

PER CURIAM                          *Venire de novo.*