*THOMAS B. LASH and others v. JOHN THOMAS and others.

*Evidence—Courts.*

1. The proceedings of a justice's court, relating to a levy on land, were directed by the statute to be kept in a "bound book" by the clerk of the late county court, merely for their preservation, and where the original papers are admitted as evidence, they are received as evidence of everything that would appear from a certified transcript of the record of their enrolment.

2. The courts which existed under the former system, continued to act and were recognized as courts, until the adoption of the Code of Civil Procedure.

(*Ward* v. *Saunders*, 6 Ired., 382 ; *Pemberton* v. *McRae*, 75 N. C., 497 ; *Thompson* v. *Berry*, 64 N. C., 81 ; *Davis* v. *Baker*, 67 N. C., 383, cited and approved.)

---

* The decision in *Lash* v. *Price*, is the same as in this case.

CIVIL ACTION to recover land, tried at Spring Term, 1881, of ROCKINGHAM Superior Court, before *Avery, J.*

The plaintiffs claim. the land as heirs at law of I. G. Lash deceased, who in his life time purchased at sheriff's sale, by virtue of an execution against the defendant John Thomas, under whom the other defendants are in possession.

In support of their title, the plaintiffs offered in evidence a docketed judgment of the superior court of Rockingham county, rendered at spring term, 1869, in favor of I. G. Lash, their executor, and against the defendant John Thomas, and the judgment roll consisting of the following papers, admitted to be authentic and on file in the clerk's office, to-wit: 1. Evidence of debt bearing date in February, 1868; a justice's warrant dated May 14th, 1868; the return of service May 5th, 1868; a justice's judgment, execution and levy upon the land in controversy, all of the last named date. 2. A notice from the county court of Rockingham, tested as of May term, 1868, and issued June 5th, 1868, to the defendant John Thomas, that the said execution had been returned to that court, to said May term, levied on the land, and that an order of sale would be asked for at the ensuing term, to be held in August. 3. A notice issued 8th February, 1869, from the superior court of said county to the same defendant, that the said execution had been transferred to the docket of that court, from the county court, and that an order of sale would be applied for at the spring term. 4. Judgment of the superior court at spring term, 1869, confirming the justice's judgment and making it a judgment of that court, and directing a writ of *venditioni exponas* to issue to sell the land levied on. The writ issued; the report of sale to I. G. Lash as the last and highest bidder at the price of three hundred dollars; the execution of the sheriff's deed to him, and its registration.

This being the state of the proofs, the defendants insisted that the plaintiffs could not recover:

1. For that the papers and proceedings had in the justice's court were not properly authenticated, in that, no record thereof in a well bound book, had been made by the clerk of the county court.

2. That there was no May term, 1868, of the said county court competent to receive a return of such a levy on land, that court having been abolished under the constitution of 1868.

3. That the action in which the judgment was rendered, having never been properly constituted in either the county or superior court, the latter court had no jurisdiction over it, and the judgment rendered at spring term, 1869, was therefore void.

Verdict for plaintiffs, judgment, appeal by defendants.

*Messrs Mebane & Scott*, for plaintiffs.
No counsel for defendants.

RUFFIN, J. The plaintiffs' counsel, by his argument and the cases cited in his brief, seems effectually to have met every objection urged by the defendants in the court below.

Upon the first point, the case of *Ward* v. *Saunders*, 6 Ired., 382, is a direct authority. It was there held that the direction given in the statute (Rev. Code, ch. 62, § 17) for recording in a book the proceedings before a justice, was but a provision for their preservation, and that when the original papers are allowed to be read without objection, it must be understood, that they were received as evidence of everything that would appear from a certified transcript of the record of their enrolment.

Notwithstanding the adoption of the constitution of 1868, and the fact that it went into effect in April of that year, (as it was said in *Pemberton* v. *McRae*, 75 N. C., 497, to have done for purposes of domestic policy,) still the courts, which

existed under the old system, did not cease to do so, or to entertain actions, until the adoption of the Code of Civil Procedure. It would appear from the wording of the 25th section of article four of the constitution, as if such a state of things was positively contemplated. For not only is provision there made for the future conduct of actions pending at the adoption of the constitution, but also, for all such as might have been commenced, at any time, before the adoption, by the general assembly, of the new *rules of practice and procedure.*

But whether that be so or not, it is certainly true that generally in the state, the county courts continued to sit and to render judgments at least so late as May, 1868, and so far as we can learn, their validity has never been questioned. Two striking instances were called to our attention by counsel—*Thompson* v. *Berry,* 64 N. C., 81, where at the May term, 1868, of Iredell county court a judgment *nisi* was rendered against the sheriff of Burke for not making due return of an execution returnable to that term, and the same was held good in this court; and *Davis* v. *Baker,* 67 N. C., 388, where the county court of Wayne county at May term, 1868, gave final judgment on a justice's attachment and ordered a *venditioni exponas* to issue, under which there was a sale, the validity of which was sustained by this court. It is true no such point as that now raised was made in those cases, and they are referred to only as instances in which the existence of the county courts, at that time, *as courts,* was recognized, and their power to render judgments and enforce their execution.

Being then a cause pending in the county court, it was properly transferred to the superior court upon the adoption of the Code, and under section 402 thereof, was rightly "proceeded in, and tried according to existing laws and rules applicable thereto."

No error.                                                    Affirmed.