## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### CHAPMAN AND ALS. V. PRICE AND ALS.

#### JUNE 14th, 1886.

1. CURTESY—*Common law—Legal estates—Equitable.*—At common law, in grant of estate of inheritance to married woman, husband's right to curtesy could not be excluded. And the same as to equitable estates.

2. IDEM—*Wife's separate estate.*—But as to married woman's "separate estate," the same may be so limited as to give her the inheritance and to exclude the husband from the curtesy.

3. IDEM—*Jus disponendi—Marital rights.*—The power of alienation by deed *inter vivos*, or by will, is an incident to the "separate estate," and, if not expressly or impliedly restricted, always exists in the married woman just as if she were sole ; and if exercised, effectually excludes husband's rights by curtesy or otherwise. *Si non, non.*

4. IDEM—*Case at bar.*—In grant by parents of an estate of inheritance in lands to married daughter occurs the following *habendum :* "To have and to hold in her own right, free from any claims or demands from her husband, or any person claiming under, through or against him in any way, now or at any time hereafter." Afterwards, the wife by her will devised the land to her children, and died leaving her husband her surviving. His creditors brought their bill to subject his supposed curtesy in the land to his debts.

HELD :

> The terms of the devise created a separate estate in the wife with power of alienation, which she exercised, and thereby excluded her husband and all claiming under him from all claim on the land.

Appeal from decree of circuit court of Franklin county, in the chancery cause wherein Price and others were complainants and H. C. Chapman and others were defendants.

The object of the suit was to enforce the judgments of the complainants against the defendant, H. C. Chapman, on the alleged tenancy by the curtesy in a certain tract of land in said county, which had been conveyed to the wife of said Chapman by her parent's deed dated November 2d, 1876, and containing terms intended to exclude his marital rights. She made her will, devising the land to her children, and died in 1884. The circuit court decreed the sale of the life estate for the purposes aforesaid. From this decree the children appealed. Opinion states the case.

*Penn & Cocke,* for the appellants.

*Burks & Burks* and *Phlegar,* for the appellees.

HINTON, J., delivered the opinion of the court.

On the second day of November, 1876, Benjamin Deyerle and wife executed a deed conveying, with general warranty, a certain tract of land in the county of Franklin to his daughter, Susan J. Chapman, wife of H. C. Chapman, "to have and to hold in her own right free from any claim or demands from her husband, or any other person or persons claiming under, through, or against him in any way, now or at any time thereafter," the word "thereafter" being manifestly intended for "*hereafter*." The consideration for the grant expressed in the conveyance is the love and affection borne by the grantors for their daughter, and the sum of five dollars. In the year 1884 Susan J. Chapman died, having previously devised the land in question to the appellants, when—that is to say, after her death—this suit was instituted to subject the estate by the curtesy which the husband, H. C. Chapman, is alleged to have in said land, to the payment of certain judgments which had been recovered against him.

The sole question we have to determine, therefore, is whether, under the circumstances of this case, the husband, H. C. Chapman, has an estate as tenant by the curtesy in these lands.

It is well understood that at common law it was not competent in a grant to a woman of an estate of inheritance to exclude her husband from his right of curtesy. *Sir Anthony Mildmay's Case,* 6 Rep. 41 ; Clancy on Rights of Women, 191; *Mullany* v. *Mullany,* 3 Green's Chy. R. 16. And so with respect to the ordinary equitable estates of married women, for example, where lands have been given to trustees in fee upon trusts for a married woman and her heirs, or for a single woman in fee, who afterwards marries, they fall within the reason and are governed by the same rule as legal estates, and, therefore, in any case where the husband would be tenant by the curtesy at law he will be so in equity. *Morgan* v. *Morgan,* 5 Madr. 410; *Watts* v. *Bell,* 1 P. Wm. 109 ; 1 Minor's Inst. (3d ed.), 352. But with regard to the separate estate of a married woman, properly so called, where the intention of the devisor, or settler, is clearly expressed to that end, it has been held that the estate may be so limited as to give the wife the inheritance and deprive the husband of curtesy. And where a separate use is declared as to property, real or personal, which I apprehend is always the case, and only the case, where a *feme covert* has what is properly and technically called a separate estate, the married woman has in England, when not restrained from alienation, "as incident to her separate estate and without any express power, a complete right of alienation by instrument *inter vivos,* or will; *Taylor* v. *Meads,* 4 DeG. J. & S. M. 605; and in Virginia, where the married woman's powers as to her separate real estate are not quite so large as to the *corpus* or body of her separate estate, the power of disposing of it in any way that may be prescribed by the instrument cre-

ating it, and if not prohibited, expressly or impliedly, by that instrument in the mode prescribed by law for the alienation of real estate by married women or by last will and testament. Code 1873, ch. 118, § 3; 3 Lomax Dig. (ed. 1885), 11, note 1; *Justis* v. *English*, 30 Gratt. 571.

Now, as to this interest of the *feme covert* created by the separate use, or as it is called by Jessel, M. R., equitable estate of inheritance to her separate use, and which is, as Lord Chief-Justice Westbury says, in *Taylor* v. *Meads, supra,* "the creature of a court of equity to which there is nothing correspondent at law," it is now settled in England by the case of *Cooper* v. *Macdonald,* although until 1877 it was a vexed question, that if the married woman fails to dispose of it by deed or will, her husband will be entitled to curtesy therein, but that where the married woman disposes of it, as she has the right to do, the husband's right to curtesy is lost. L. R., 7 Chy. Div. 300.

In the above cited case of *Cooper* v. *Macdonald,* where all the cases are reviewed, the master of the rolls, speaking with reference to this subject, said: "A gift of a fee simple estate, or a gift of a capital sum of money, to the separate use of a married woman, gives her the same power of alienation over it as if she were a single woman. She is entitled to dispose of it as if she were not a married woman at all; and that at once gets rid of any notion of the husband having an interest. Whatever interest he would have had in the absence of disposition, is got rid of by the disposition. The separate use is a creature of equity, and equity says the estate may be so limited to the married woman as that she can get rid of every possible interest of the husband. That is the meaning of a limitation to her separate use and free from his interference or control. It is exactly the same for this purpose as if the estate had been limited to such uses as the married woman shall by deed or will appoint; it entirely destroys the

notion of the husband having any interest in it against her disposition."

In this State there has been no adjudication upon the precise point under consideration, but see opinion of Carr, J., in *West* v. *West Ex'ors*, 3 Rand. 373.

Now, testing the case with which we are dealing by the principles announced above, it seems to me clear that the husband here has no estate by the curtesy in the premises in controversy. No particular phraseology is necessary to create a separate use. Here the words "to have and to hold in her own right, free from any claims or demands from her husband or any person or persons claiming under, through or against him in any way, now or at any time hereafter," not only create, but are conceded to create, "a sole and separate estate," and the wife having—as we have seen she had the right to do—devised the lands in question to the appellant, it must be held that H. C. Chapman is excluded from any right to curtesy which, in default of a disposal of said property by his wife, he would have been entitled to therein. It follows that the decree of the circuit court must be reversed, and the bill dismissed.

DECREE REVERSED.