JAMES W. KELLY *v.* ELLISON ALRED ET AL.

1 HOMESTEAD. *Right of wife to devise. Sections 1169 and 1260, Code of 1880, construed.*

Under Section 1169, Code of 1880, which provides that, "A married woman may dispose of her estate, real and personal, by last will and testament, in the same manner as if she was not married," a wife has the right to devise the homestead occupied with her husband, it being her separate property, unaffected by the provision of Section 1260 of the Code, that, "No conveyance of the homestead interest, when this interest is the sepa-

rate property of the wife, shall be valid and binding, unless signed and acknowledged by the husband living with his wife."

**2. Same.** *Descent thereof under Section 1279, Code of 1880.*

The provision of Section 1279, which gives to the surviving husband the homestead owned by his deceased wife, she having left no issue, was intended to apply only where the wife dies intestate.

**3. Same.** *Devise by wife. Remedy of dissatisfied husband. Sections 1172, 1173, 1174, Code of 1880.*

A husband dissatisfied with a provision as to the homestead or other property, made for him in the will of his deceased wife, may renounce the will and claim a distributive share of the estate, under Section 1172, Code of 1880; or, if no provision be made for him, he may claim a distributive share under Sections 1173 and 1174.

Appeal from the Circuit Court of Copiah County.

Hon. T. J. Wharton, Judge.

In April, 1883, Ida A. Alred and her husband, Ellison Alred, lived on and occupied a certain tract of land as a homestead. The land was the property of the wife, and the husband was partially insane. In that month they moved some eighteen or twenty miles to the home of a mother of Mrs. Alred. Whether to remain permanently or only temporarily is in dispute. On May 31, 1883, Mrs. Alred died, leaving a will in which she devised the land above referred to to her brother, James W. Kelly. Ellison Alred, the husband of Mrs. Ida Alred, survived her; but she left no children.

In October, 1886, James W. Kelly, claiming the land by virtue of Mrs. Alred's will, brought this action of ejectment against one Wheeler and Sylvester Alred, who were in possession of the land as tenants of Ellison Alred. Ellison Alred, as landlord, was admitted to defend.

There was judgement for the defendants, and the plaintiff appealed.

*Miller & Conn*, for the appellant.

The statute making the husband's consent necessary to the wife's disposition of her homestead, Sec. 1260, Code of 1880, is confined to a conveyance of it by her, and a will is not a conveyance, in the sense in which that word is used in the statute.

Secs. 1257 and 1169 of the Code give her the right to dispose of it by will.

*Harris & Dodds*, for the appellees.

Sec. 1260, Code of 1880, does not permit the wife to convey the homestead unless such conveyance is also executed by the husband.

Homestead acts of other states of the Union, similar to ours, restraining the wife from alone conveying the homestead, have been construed and the Courts hold that the wife cannot devise the homestead. 1 *Brettum* v. *Fox*, 100 Mass., 234; *Stewart* v. *Brand*, 23 Iowa, 481.

ARNOLD, C. J., delivered the opinion of the Court.

A married woman enjoys as large freedom in this State as a man in regard to the testamentary disposition of her property She may dispose of her estate, real and personal, by last will and testament, in the same manner as if she was not married. Code, Section 1169. When the title to the homestead exempted from execution or attachment is in the husband, no conveyance, mortgage, deed of trust, or other incumbrance upon it by him is valid or binding unless signed by his wife, if he is married and living with his wife. Code, Section 1258. And where the homestead is the separate property of the wife, no conveyance of it made by her is valid or binding, unless signed and acknowledged by her husband, if living with her. Code, Section 1260.

The restrictions imposed by these sections of the Code on the husband and wife as to the alienation and incumbrance of the homestead, do not limit or affect the right of either as owner to dispose of it by devise. By Section 1277 of the Code the homestead and property exempted by law from execution and attachment descends on the death of the husband or wife owning it, to the survivor of them, if there be, as in this case, no children of the decedent; but this section operates only in case of the intestacy of the owner of such property. *Norris* v. *Callahan*, 59 Miss., 140; *Osburn* v. *Sims*, 62 Id., 429.

It was not intended to interfere with the right of the owner to dispose of such property in the same manner and with the same effect that he or she might dispose of other real estate by will.

---
Syllabus.
---

When there has been no testamentary disposition of the homestead by the owner, the surviving husband or wife, as·the case may be, takes it by descent; but the right of the survivor is not absolute, but dependent on the owner dying intestate as to the homestead.

This is the interpretation which has been uniformly placed on our statutes on the subject. Our present Code does not change the rule, and it applies whether the homestead is owned. by the husband or the wife. *Osburn* v. *Sims*, 62 Miss., 429, and authorities therein cited.

The remedy of the husband or wife who is dissatisfied with the provision made for him or her in the will of the other, is to renounce such provision and claim a distributive share of the estate, whether it includes the homestead or other property, as provided by Section 1172 of the Code; or if no such provision is made in the will, to claim such distributive share under Sections 1173 and 1174 of the Code, without renunciation. *Turner* v. *Turner*, 30 Miss., 428; *Nash* v. *Young*, 31 Id., 134.

*Reversed.*