CASE 59—CONTESTED WILL—MARCH 16.

# Hickman v. Brown.

| 88  | 377 |
|-----|-----|
| e116| 658 |
| 88  | 377 |
| e116| 656 |

APPEAL FROM OWEN CIRCUIT COURT.

· 1. MARRIED WOMEN—POWER TO MAKE WILL.—A married woman can not dispose by will of estate secured to her separate use by a parol antenuptial contract. It is only estate secured to her separate use " by deed or devise" that she is empowered to dispose of by will.

2. SAME.—Where the will of a married woman is offered for probate, it is the duty of the county court to reject it, unless it appears that the estate disposed of was such as the statute empowers married women to dispose of by will.

LINDSEY & BOTTS AND P. J. FOREE FOR APPELLANTS.

1. Where a will offered for probate appears to have been properly executed, it is the duty of the court to submit it to probate. The court has no right to inquire whether the testator had the right to dispose of the property devised. The law will restrict the operation of the will to such property as the testator had the right to devise. ( Mitchell and Wife v. Holder, &c., 8 Bush, 363.)

2. The estate disposed of by the will offered for probate in this case was separate estate which the testatrix had the right to dispose of by will. To create a separate estate, all that is required is a manifest intention to invest the property in the wife to the exclusion of the husband. ( Petty v. Malier, 14 B: M., 246; Hutchinson v. James et al, 1 Duv., 76; Hathaway v. Yeaman, 8 Bush, 392; Shackleford, assignee, v. Collier, 6 Bush, 149; Bank of Louisville v. Gray, 8 Ky. Law Rep., 664; Meguiar, Yancey & Co. v. Wilson, 9 Ky. Law Rep.; Caldwell v. Perry, 6 Ky. Law Rep., 97; Turner v. Short, 9 Ky. Law Rep., 866; Morgan v. Chiles, 7 Ky. Law Rep., 306; Southerland v. Southerland, 5 Bush, 591; Trail v. Trail, 7 Ky. Law Rep., 306; Martin's administrator v. Donaldson, 5 Ky. Law Rep., 253.)

3. A married woman has the power to dispose of her separate estate regardless of how it was created. (Gen. Stats., chapter 113, section 4; *Idem*, chapter 52, section 15; Trail v. Trail, 7 Ky. Law Rep., 306.)

4. A liberal construction should be given to the statute conferring on married women the right, in certain cases, of disposing of their separate estate by will with a view to effectuating the manifest objects of the law. (Hiram of color, &c., v. Griffin, &c., 8 Bush, 262; Tyler on Infancy. and Coverture, 471; Reeves' Domestic Relations, chapters 11 and 12; Redfield on Wills, part 1, section 3.)

JOSEPH BLACKWELL FOR APPELLEES.

1. Mrs. Brown had no power to dispose of her estate by will. (Gen. Stats., chapter 52, article 4; *Idem*, chapter 113, section 4.)

2. Before the will of a married woman can be admitted to probate, facts must be proved which *prima facie* authorize it. (Molly Yates' Will. 2 Dana, 215; Kelly's devisees v. Kelly, 5 B. M., 369.)

3. A husband may permit his wife to set apart the proceeds of her general estate to her own separate use, but his intention to do so must be manifested by a distinct act unequivocal in its nature. (Penn v. Young, 10 Bush, 628.)

4. Verbal ante-nuptial contracts in reference to the property of the wife· are within the provisions of the statute of frauds. (Potts v. Merritt, 14 B. M., 326..)

EVAN E. SETTLE ON SAME SIDE.

1. A married woman can not make a valid will except of estate secured to her separate use by *deed* or *devise*, or in the exercise of a *written power*. (Gen. Stats., chapter 113; 2 Stat. Laws, 1537.)

2. The bank stock was not separate estate, even in the ordinary sense. (Harris v. Harbison, 9 Bush, 397.)

3. An ante-nuptial verbal contract is within the statute of frauds. (Potts v. Merritt, 14 B. M., 407.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Mrs. Lou Moody, of the county of Shelby, married Judge Brown, of the county of Owen, in the year 1877; both of the parties had been previously married and were somewhat advanced in years, and it seems contemplated and perhaps entered into a parol ante-nuptial contract in regard to their marital rights. Mrs. Brown died in November, 1886, and prior to her death, in March of the same year, executed a paper, properly signed and attested, purporting to be her last will and testament, by which she devised her property, consisting of money and bank stock, to her husband for life, and then to her collateral kindred.

After the wife's death the paper was offered for probate in the Owen county court and rejected. An appeal was

taken to the circuit court, where it was also denied probate, and is brought here by the devisees in remainder. All the statutory requirements in regard to the execution of a will were fully complied with, and the paper was rejected as the will of Mrs. Brown because of her coverture, the probate being opposed by the husband.

It is insisted by counsel for the devisees, or for those who would take if the paper was admitted to probate, that the parol ante-nuptial contract entered into between the husband and wife on the eve of their marriage divested the husband of all interest in the estate of the wife, and by its terms the property owned by her becoming her separate estate, she had the power to execute a last will and testament, although in opposition to the wishes of her husband.

If this be the correct doctrine, the paper should have been probated. The statute in regard to wills must control that question. By section 2 of chapter 113, General Statutes, it is provided in substance that every one having testamentary capacity can make a will, except those under twenty-one years of age or a married woman, and it therefore follows from this section that no such right is given to those laboring under the disability of coverture; but, on the contrary, the right is expressly denied them. The same statute, however, makes an exception in regard to married women, and this exception is found in section 4 of the same chapter, that provides: " A married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a written power to make a will."

This statute in regard to wills must be construed as

·containing all the law on the subject with reference to those who are competent to make a will, and the manner of its execution. We find no separate estate secured to the wife by either deed or devise, and no written power authorizing her to make a will of either her general or separate estate, and therefore the paper was not a will, for the reason that the wife had no power to make it under any reasonable construction, however liberal, that could be given the statute. It is insisted by counsel that it was the duty of the county court to· admit the will to probate, so that the question as to whether the estate in the wife was her separate or general estate might be determined by a court learned in the law, and that it was never intended by the law-making power to vest in the county judge the power of determining such an intricate legal question. While it is often difficult in determining the character of an estate, still the right or power of the *feme covert* to make a will is made to depend upon the character of the estate devised or conveyed to her; if general estate, she has no power to dispose of it unless in the exercise of a written power. No deed or devise to the *feme* of this property was exhibited to the county court, nor any written power to make a disposition of either her general or separate estate, and the county court having all the original jurisdiction over the subject matter could do nothing else but deny the probate.

While the rejection of the paper may and does divest those who are named as devisees of all title under it, still that fact does not determine the character of the estate in the wife or the right of her husband or next of kin to the property. The only question this ·court has to deal

with is the right of the married woman to execute a valid
will. There is nothing in the record showing that she
could exercise such a right, and the judgment is therefore
affirmed