# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

RICHMOND AND DANVILLE R. R. CO. v. PICKLESIMER.

November 17th, 1892.

CARRIERS—*Injuries—Contributory negligence—Case at bar.*—The circumstances of the case here show that it belongs to that class of cases where the injury to the plaintiff resulted from an act of recklessness on his part amounting to folly or foolhardiness.

HELD :

Not entitled to recover.  (See 85 Va., p. 798.)

Error to judgment of corporation court of Danville, rendered in an action of trespass on the case wherein T. W. Picklesimer was plaintiff and the Richmond and Danville Railroad Company was defendant.  The judgment being adverse to the company, it brought the case here on writ of error.  Opinion states the case.

*B. B. Munford* and *A. J. Montague*, for plaintiff in error.

*Wm. H. Mann* and *M. M. Gilliam*, for defendant in error.

HINTON, J., delivered the opinion of the court.

This is the second time this case has been before us.

On the former appeal, Judge Richardson, in an elaborate opinion, (see 85 Va. Rep., p. 798,) carefully considered the facts as well as the law of the case, and pointed out in the clearest manner that the plaintiff's own negligence was the proximate cause of his misfortune.  In speaking of the plaintiff's conduct, he says : " He was guilty of an act which no sensible man, in the exercise of ordinary care and caution,

could be expected to be guilty of. It was, in fact, a desperately rash act, superinduced by no imminent peril traceable to the negligence of the railroad company. No danger or peril was present except that which he rashly brought upon himself. It does not appear that any train was near and approaching from either direction. If, considering all the circumstances, Picklesimer had thrown himself in front of the wheels of the moving train, with the foolhardy idea that the train would,stop before hurting him, the recklessness of the act would have differed from what he did do only.in degree, not in principle."

Strong as this language undoubtedly is, it properly characterizes the conduct of the plaintiff, not only as it appeared on the former, but on this trial also.

After a careful examination of the record we utterly fail to discover any change in the evidence which could possibly help the plaintiff's claim. On the contrary, it is now made clearly to appear that there was a platform, about twenty-five feet long and seven feet wide, at the point where the plaintiff alighted, and there was no danger from the train in front of him, which was moving slowly away, or from the caboose behind him, which was being drawn into the siding. It is patent, also, that at the time the plaintiff undertook to climb up the ladder of the cattle car—namely, after 9 o'clock on a dark and cloudy night, in the month of February—the train was actually in motion. This appears from the modified testimony of the plaintiff, and is the necessary inference from the testimony of the witness Wood, who says: " 'Now * * * Picklesimer, if you think crossing on top is the best way, let's go it.' *It was all done very quickly. He stepped to the right-hand corner, and I stepped to the left.* I went around the corner of the car about three or four feet. I reached up my hand and took hold of the slat as far up as I could reach, intending to make a spring on to the side of

the car. *Just as I took hold of the car it moved off,* and I just stood where I was until the train passed me, and I stepped back on the plank between the rails. As the train was moving off, I expected if Picklesimer got up I might have seen him, and I tried to see, between where I was and the light above, if Picklesimer had got up; and I hollered to him three times, and, as I hollered to him the third time, a young man who was on the platform of the caboose, says: 'I do not think he got up. I think I heard him fall."' And it is also shown that the bridge was planked all the way across between the rails, although it does not appear that either the plaintiff or Wood had been informed that such was the case.

Under these circumstances the case does not fall, as Judge Richardson very properly said on the former hearing in this court, within the class of cases " where a passenger is excused from his rash act by reason of some imminent peril confronting him, due to the defendant's negligence"; neither does it fall within that other class of cases where " the direction or invitation or assurance of safety " given by the company's servant so qualifies the act of the plaintiff as that it relieves it of the quality of negligence which it would otherwise have. Pierce on Railroads, p. 329. The case clearly belongs to that class of cases where the injury results from some act of recklessness amounting to folly or foolhardiness on the part of the plaintiff, in which cases the plaintiff is not entitled to recover. Pierce on Railroads, *supra.* 1 Shear. & Redf. (4th ed.), §§ 91 *et seq. Scheffer* v. *Railroad,* 105 U. S. 252.

This view of the case shows that the trial court erred in refusing to give the defendant's instructions as proposed, and in given the instructions excepted to by the defendant company in the record. The objection, however, to the depositions offered for the plaintiff comes too late.

From what has been said, it is manifest that the judgment of the lower court is erroneous and must be reversed, and the

verdict be set aside ; the case must be remanded for a new trial to be had therein in accordance with the principles declared herein.

JUDGMENT REVERSED.