93  591
f98  622

93  591
h106  170

**Staunton.**

KIRACOFE v. KIRACOFE AND OTHERS.

SEPTEMBER 24, 1896.

1. EQUITABLE SEPARATE ESTATES—*Curtesy.*—A married woman owning an equitable separate estate in fee may, unless prohibited by the instrument creating it, devise the same, and thereby deprive her husband of curtesy therein. The power to make such devise is given by statute and· has the same effect as if incorporated into the instrument creating the estate, unless such instrument restrains the power.

Appeal from a decree of the Circuit Court of Augusta county, pronounced December 10, 1895, in a suit in chancery wherein appellant was the complainant, and the appellees were the defendants.

*Reversed.*

This was a suit in chancery instituted for the purpose of having partition of a tract of two hundred and ninety-two acres of land which had been the equitable separate estate in fee of Mary E. Kiracofe, and which she had devised to her children. The defendants were the devisees under the will (other than the complainant who was one of such devisees) and the surviving husband of the testatrix. The husband was made a party, not as husband, but as heir of one of the devisees who had died. There was no suggestion in the bill of any claim of curtesy by the husband, or that he was entitled to such an estate, nor was any answer filed by him, nor any such claim asserted on his behalf. One of the defendants claimed the land by virtue of a purchase at

a delinquent land sale and a deed made in pursuance thereof, but the Circuit Court, being of opinion that his purchase enured to the benefit of all the devisees, referred the case to a commissioner to take an account of the amount paid out by the purchaser for the land, and also of rents and profits of the land since the death of the testatrix. The commissioner reported that he was of opinion that the husband of the testatrix was entitled, as tenant by the curtesy, to a life estate in the land, and that therefore it was unnecessary to take the latter account. This part of the report was excepted to by the complainant, but the Circuit Court, concurring in the view of the commissioner, overruled the exception, and being further of opinion that the land was not then liable to partition, dismissed the bill with costs, but without prejudice to the rights of the devisees to have partition on the death of the husband. From this decree the complainant appealed.

*C. S. W. Barnes*, for the appellant.

*J. & J. L. Bumgardner*, for the appellees.

HARRISON, J., delivered the opinion of the court.

By deed dated March 31, 1877, John L. Blakemore settled to the separate use of his daughter, Mary E. Kiracofe, a certain tract of land in Augusta county, by conveying the same with general warranty of title to her husband, Benjamin I. Kiracofe, in trust for her benefit. The grantor uses the following language in prescribing the terms of the settlement:

"In trust, nevertheless, for the sole, separate and exclusive use and benefit of Mary E. Kiracofe, the wife of Benjamin I. Kiracofe, and free and discharged from the debts, contracts, liabilities, and marital control of said Benjamin I. Kiracofe."

The consideration expressed in the deed for this grant is the natural love and affection which the grantor feels and entertains towards his daughter, and by way and for the purpose of making an advancement to her.

In December, 1879, Mary E. Kiracofe died, leaving a will in which she devises this tract of land to her children.

The sole question presented by this appeal for our determination is whether Benjamin I. Kiracofe, the husband of the testatrix, has an estate as tenant by the curtesy in this land.

The statute of 1849, now carried into section 2513 of the Code, expressly confers upon a married woman power to devise her separate estate. This express power under the statute to devise is equivalent to express power in the instrument so to devise. Hence, where a married woman has a separate estate such as is created by the instrument under consideration, and the instrument creating the estate does not restrain her power of alienation, she has, by virtue of the statute, complete power of alienation by will. It is not necessary that the instrument creating the estate should contain an express power in her to alien. She has that power, under the statute, unless it is restrained or withheld from her by the instrument, and if she exercises her statutory power, and disposes of the estate by will, it deprives the husband of curtesy as effectually as he would have been deprived of it under a similar disposition made by the wife in pursuance of a power vested in her by the settlement. If the married woman has the power to devise, and fails to exercise it, her husband will be entitled to curtesy, but where she disposes of her separate property by will, as she has the right to do unless restrained, the husband's right to curtesy is lost.

This question was decided by this court in *Chapman* v. *Price*, 83 Va. 392, and more recently in the case of *Hutchings* v. *Commercial Bank*, 91 Va. 68.

It is contended that the decision in the first named case is *obiter dictum;* that its decision was not necessary in that case, because the language used in the instrument then before the court excluded the right of the husband to curtesy. If the court so understood the language in that case, it wholly failed to make any allusion to the fact. On the contrary, it placed its decision squarely on the ground that the estate was " a sole and separate estate," and the wife having, as she had the right to do, devised the lands in question, the husband had no curtesy.

In the case at bar the language used in the deed from John L. Blakemore to Benjamin I. Kiracofe, trustee, for Mary E. Kiracofe, creates a sole and separate equitable estate in Mary E. Kiracofe. As already seen, there is in Mary E. Kiracofe, under the statute, a complete power of alienation by will, that power not having been restrained by the instrument, and she having exercised that power, and devised the estate by her last will to her children, her husband, Benjamin I. Kiracofe, is not entitled to curtesy therein.

It follows from what has been said, that the decree appealed from must be reversed and set aside, and this cause remanded to the court below to be there proceeded with in accordance with the views expressed in this opinion.

*Reversed.*