## Richmond.

ANDES v. ROLLER, GUARDIAN.

NOVEMBER 22, 1900.

Absent, Phlegar, J.*

1. SEPARATE ESTATE—*Death of Wife Intestate—Effect as to Personal Estate.*—A bequest of personal property to a married woman, " to be her separate estate, free from the debts and control of her present or any future husband," without more, vests the property in her absolutely, and, upon her death intestate, it passes to her husband as her sole distributee, subject to the payment of her debts and funeral expenses.

Appeal from a decree pronounced by the Circuit Court of Rockingham county April 19, 1900, in a suit in chancery, wherein the administrator of Hannah Andes, one of the appellees, was the complainant, and the appellant and others were the defendants.

*Reversed.*

The opinion states the case.

*Sipe & Harris,* for the appellant.

*O. B. Roller & Martz,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

The seventh and eighth clauses of the will of Abraham Garber, late of the county of Shenandoah, are as follows:

*This case was argued and submitted before Judge Phlegar qualified.

" I devise and bequeath unto my son, Joseph, my farm known as the 'Homar Farm,' on which he resides, and on account of his losses by flood, I do not charge him with advancements made to him; but I do specifically charge this tract of land with the payment by my son Joseph, to be made unto my daughter, Hannah, wife of Dilman Andes, of the sum of $3,000 (three thousand dollars), to be paid in ten equal annual payments of $300 each, without interest until due."

" I give and bequeath unto my daughter, Hannah, wife of Dilman Andes, $3,000 as provided for in item 7, to be paid by my son Joseph as therein set forth; said sums of money to be her separate estate, free from the debts and control of her present or any future husband, and I direct that no advancements made to her during my life shall be collected from her."

After the death of the testator and the probate of his will, Hannah Andes, on the 19th day of December, 1898, departed this life intestate, leaving surviving her husband, Dilman J. Andes, and nine children, all of whom were infants except two. At the time of her death no part of the legacy given her by the eighth clause of her father's will had been paid.

This suit was instituted to have the Circuit Court of Rockingham county determine whether the said legacy, upon the death of Hannah Andes, passed to her husband under the statute of distributions, or whether, under the will of the testator, it was an equitable separate estate in the legatee, and, being such, passed upon her death to her nine children, without the right of the husband and father to any part thereof.

The Circuit Court decreed that under the provisions of the seventh and eighth clauses of the will, the legacy, upon the death of Hannah Andes, descended to her children, subject only to the payment of her debts and funeral expenses, and without the right of Dilman J. Andes, her husband, to any part thereof. From this decree, Dilman J. Andes obtained an appeal to this court.

Section 2294, chapter 103, of the Code of Virginia, provides that "nothing contained in the preceding sections of this chapter shall be so construed as to prevent the creation of equitable separate estates. Such estate shall not be deemed to be within the operation of such sections, but they shall be held according to the provisions of the respective settlements thereof, and shall be subject to and governed by the rules and principles of equity applicable to such estates."

That statute maintains what is known as the equitable separate estate of the wife, unaffected by the statutory provisions whereby the legal or statutory separate estate of the wife is created and preserved. When once the wife is permitted to take personal estate to her use as a *fème sole*, she must take it with all its privileges and incidents, one of which is the *jus disponendi*. *Fettiplace* v. *Gorges*, 1 Vesey, Jr. 46; 1 Williams' Exors. 80. And it is said in the opinion of Harrison, J., in *Kiracofe* v. *Kiracofe*, 93 Va. 593: " Where a married woman has a separate estate, and the instrument creating the estate does not restrain her power of alienation, she has, by virtue of the statute, (section 2513 of the Code,) complete power of alienation by will. It is not necessary that the instrument creating the estate should contain express power in her to alien. She has that power under the statute, unless it is restrained or withheld from her by the instrument, and if she exercise her statutory power, and disposes of the estate by will, it deprives the husband of curtesy as effectually as he would have been deprived of it under a similar disposition made by the wife in pursuance of a power vested in her by the settlement. If the married woman has the power to devise, and fails to exercise it, her husband will be entitled to curtsey, but where she disposes of her separate property by will, as she has the right to do unless restrained, the husband's right to curtesy is lost."

So where an equitable separate estate is created in the wife, whether in real or personal property or money, she has the

power to alien it, unless it is restrained or withheld from her by the instrument creating the estate, and if she does not exercise that power, the estate passes at her death according to the law of descents and distribution, as the case may be.

It is unnecessary, however, to determine whether the estate given to Hannah Andes is statutory or equitable, as the same result would follow in either case.

Mr. Burks, in his valuable book on " Separate Estates" (page 15), says: " If the property be settled to the sole and separate use of the wife, without more, the husband, during the coverture, has no interest in the property, real or personal, so settled; but if the wife die, the husband surviving is entitled to qualify as her administrator and is sole dstributee of her personal estate."

And Mr. Minor, 1 Minor's Insts. (4th ed.), 347, states the law thus: " When, by settlement, the wife is allowed to dispose of certain property by deed or will, but dies without making any disposition of it, there is no separate estate created, and the husband surviving is entitled as her distributee to the personalty."

Both of these authors cite as authority for the view of the law they respectively express, *Mitchell* v. *Moore*, 16 Gratt. 280.

In that case, the opinion by Robertson, J., said: "A deed of settlement may be so framed as to deprive the husband of all his marital rights, but he will never be deprived of them to a greater extent than the terms of the deed require. In this case, the deed of settlement only excludes the rights of the husband surviving his wife in the event of her exercising the power of appointment conferred upon her. She died without having exercised that power and leaving her husband surviving, so that he became entitled to all the personal estate embraced in the settlement, subject only to the payments of the debts for which it was bound, if any such there were, funeral expenses and charges of administration. Numerous authorities might be

cited, but it is sufficient to refer to *Pickett and Wife* v. *Chilton*, 5 Munf. 467, which is to the point and decisive of the question."

The eighth clause of the will in this case settled the bequest of $3,000 upon Mrs. Andes to her sole and separate use, free from the debts and control of her husband, but without other or more restrictive provisions. The construction of the language employed by the testator in making the bequest is uncontrolled or affected by any other provisons of the will, and we are of opinion that it cannot be rightly construed as restraining or withholding from the legatee the power to dispose of, by will or otherwise, the estate settled upon her. The effect of it was to deprive the husband, during coverture, of any interest in the property thus settled, and nothing more. There is nothing whatever in the will whereby the children of Mrs. Andes took as *purchasers* the bequest, and hence it is impossible that they took by *descent*, under the statute, to the exclusion of their father. Therefore, the wife having died intestate, the husband surviving is entitled, under second subdivision of section 2557, chapter 113 of the Code, as her sole distributee, to the legacy embraced in the settlement, subject only to the payment of the debts for which it was bound, if any such there were, funeral expenses and charges of administration.

The decree appealed from must be reversed and annulled, and the cause remanded to be further proceeded with in accordance with this opinion.

*Reversed.*