MARY FREEMAN ET AL. v. J. W. LIDE, EXR., ET AL.

(Filed 20 November, 1918.)

1. **Constitutional Law — Married Women — Separate Property—Wills—De-vise—Deeds and Conveyances—Statutes.**

   Under the provisions of Article X, sec. 6, of our Constitution, and as later declared by our statutes, a married woman may now devise and bequeath her separate real and personal property as if she were a *feme sole*, which does not apply to a conveyance of her realty by deed.

2. **Constitutional Law—Trusts—Uses and Trusts—Statute of Uses—Married Women—Wills—Devise—Powers of Disposition.**

   A devise of land to the husband in trust that he will "take, hold and receive the same for the sole and separate use of" his wife, her heirs and assigns; whether since the adoption of the Constitution of 1868, Art. X, sec. 6, as to her separate estate, equity would regard the naked legal title as being in the trustee, and unite it with the equitable title in her, or regard the trust as an active one, *Quære;* and *Held*, in the absence of any prohibitory terms in the instrument, the constitutional power given to the wife to devise her lands as if she were unmarried will be read into the instrument; and her devise, taking effect at her death, necessarily with the termination of the purpose of the trust, is valid and enforcible.

3. **Constitutional Law — Constitution of 1868, when Effective — Adoption—Approval by Congress.**

   Our Constitution of 1868, in this case, with relation to the separate property of a *feme covert*, Art. X, sec. 6, took effect upon its adoption by the State, and not from the later date when Congress approved it.

ACTION, heard by *Adams, J.,* upon a case agreed, at September Term, 1918, of RICHMOND.

On 17 June, 1868, Mrs. Harriet H. Strong executed and delivered her deed to John H. Williamson, husband of Phebe Williamson, conveying the undivided one-half of all the property, real, personal and mixed, which belonged to the grantor as heir at law, devisee and distributee of Henry W. Harrington, except the annuity settled upon the grantor by the will of Henry W. Harrington. The trusts declared in the deed are thus stated: "But in trust, nevertheless, that the said party of the second part will take, receive and hold the same for the sole and separate use of the said Phebe Williamson, her heirs and assigns, forever."

The above is the only declaration of trust found in the deed, and the only language of the deed describing the duties of the trustee or imposing any duties upon him—that is, that he shall "take, receive and hold." Mrs. Williamson, as stated in the deed, was the object of Mrs. Strong's affection and bounty. Mrs. Williamson died in November, 1910, leaving a last will and testament, and by it devised all her estate, particu-

larly naming the trust estate, to her husband, Dr. John H. Williamson. All the children of Dr. and Mrs. Williamson had predeceased their mother and father. The will was duly admitted to probate. Under it, Dr. Williamson took possession in his own name of the estate of his wife, and at his death left a will disposing of it. His will was duly admitted to probate. And under it, and acting by order of the court, the land has been sold and purchased by various and sundry persons. The plaintiffs are the collateral kin and heirs at law of Mrs. Williamson. The defendants demurred to the complaint, which set out in detail the facts, and his Honor, *Judge Adams,* sustained the demurrer, and plaintiffs appealed.

*Lorenzo Medlin, H. S. Boggan, and Stack & Parker for plaintiffs.*
*F. W. Bynum and J. S. Manning for defendants.*

WALKER, J., after stating the case: The question presented is, Did the property conveyed by the deed of Mrs. Strong of date 17 June, 1868, pass under the will of Mrs. Williamson to her husband, Dr. John H. Williamson?

The deed of Mrs. Strong was executed after the adoption of the Constitution of 1868, which took effect for purposes of domestic policy, and so far as the question in this case is concerned, in April, 1868, and not when Congress approved it. This was held in the following cases: *Pemberton v. McRae,* 75 N. C., 497; *Lash v. Thomas,* 86 N. C., 313; *Zheen v. Summey,* 80 N. C., 188; *Comrs. v. Call,* 123 N. C., at p. 321. See, also, *S. v. Cantwell,* 142 N. C., 604, and *Reade v. Durham,* 173 N. C., 668.

The question, therefore, must be determined in view of the constitutional provision contained in article 10, section 6, which reads as follows: "The real and personal property of any female in this State acquired before marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled, shall be and remain the sole and separate estate and property of such female, and shall not be liable for any debts, obligations or engagements of her husband, and may be devised and bequeathed and, with the written assent of her husband, conveyed by her as if she were unmarried."

We need not consider what were the rights of a married woman at common law, or whether she could, before the adoption of the Constitution of 1868, devise or bequeath her property, real or personal, as whatever the law may then have been, it is perfectly clear that under article 10, section 6, of the Constitution, she has such a right by its express language, and this right has since been confirmed by statute. Acts of 1871-2, ch. 193, sec. 31; Battle's Rev., ch. 69, sec. 31; Code, sec.

2138; Revisal, sec. 3133. The statute and the Code giving the power to will property "subject to the husband's right of curtesy," and the Revisal giving it absolutely.

We need not consider whether, by the Constitution, she has the absolute right to devise and bequeath her property unaffected by the restriction of the statutes as to the husband's curtesy, for here, by her will, she devised the property in dispute to her husband, and instead of getting a life estate as tenant by the curtesy, he acquired the fee. The Act of 1871-2, ch. 193, sec. 31, provided that a married woman should have the power to devise and bequeath her property as if she were a *feme sole. Tiddy v. Graves,* 126 N. C., 620. The Revisal, sec. 3140, provides that a person may by will dispose of "All real and personal estate which he shall be entitled to at the time of his death, and which, if not so devised, bequeathed, or disposed of, would descend or devolve upon his heirs at law or upon his executor or administrator."

But the plaintiffs contend (1) that the words in the declaration of the trust, "to the sole and separate use of the said Phebe Williamson, her heirs and assigns," creates an active trust in the trustee and prevents the statute from executing the use; (2) that the deed being silent as to the method of disposition, Mrs. Williamson was powerless to devise or convey the property.

These contentions of the plaintiffs are rested upon the decision of this Court in *Kirby v. Boyette,* 118 N. C., 244, wherein it was held that the words "for the sole and separate use," or equivalent language qualifying the estate of a trustee for a married woman, must be construed as manifesting the intent on the part of the grantor to limit her right of alienation to the mode and manner expressly provided in the instrument by which the estate is created, and that the words "sole and separate use" create an active trust not executed by the statute.

The defendants reply that in *Perkins v. Brinkley,* 133 N. C., 154, the Court said: "Prior to the adoption of the Constitution of 1868, the conveyance of land to a trustee for the benefit of a married woman created an active trust, for that the courts inferred it to be the intention of the maker of the deed to secure to her through the medium of a trustee a separate estate, and it fell under that class of uses which were not executed by the statute, as if 'an estate be given to trustees upon a trust for a married woman for her sole and separate use, and her receipts alone to be a sufficient discharge; or if a trust deed permit and suffer a *feme covert* to receive the rents to her separate use, the legal estate will vest in the trustee, and the statute will not execute it in the *cestui que trust.* In all these cases the Court will give this construction to the gift, if possible, for if the statute should execute the estate in the married woman, certain rights would arise to the husband which

might defeat the intention of the donor.' As by the Constitution of 1868, art. 10, sec. 6, 'The real and personal property of any female in this State acquired before marriage, and all property, real and personal, to which she may after marriage become in any manner entitled, shall be and remain the sole and separate estate and property of such female, and shall not be liable for any debts, obligations or engagements of her husband,' etc. The wife is secured in the enjoyment of her real and personal estate and all rents, profits and incomes accruing therefrom. It would seem that the reason which existed for construing a declaration of trust for a married woman created prior to the adoption of our Constitution, as an active trust, has ceased. Such seems to have been the view of this Court as expressed in *McKensie v. Sumner,* 114 N. C., 425."

After reviewing the cases of *Kirby v. Boyette, supra,* and *Hardy v. Holly, supra,* the Court proceeded: "We do not think it improper to say that in the conflict between *McKensie v. Sumner* and other cases referred to in the very learned brief of the plaintiffs' counsel in *Kirby v. Boyette,* and the doctrine as laid down in *Hardy v. Holly* and *Kirby v. Boyette,* we are of the opinion that the principle announced in *McKensie v. Sumner* is more in consonance with the reason of the thing and the status of the wife in respect to her property under the provisions of our present Constitution. It is difficult to see how the mere declaration of trust in favor of a married woman, there being no duties imposed upon the trustee or any ulterior limitation of the estate to be preserved, should prevent the operation of the statute."

It will be noted that the deeds construed in *Kirby v. Boyette, supra; Hardy v. Holly, supra,* and other cases following those were executed before the Constitution of 1868, while the deed in *Perkins v. Brinkley* was executed after the Constitution. So in *Cameron v. Hicks,* 141 N. C., 21, while the deed was executed after the Constitution of 1868, there were contingent remainders to be preserved and powers to be executed which prevented the statutes from executing the use. The phraseology of article 10, section 6, and the use of the words "sole and separate estate" would clearly indicate that the Court in *Perkins v. Brinkley, supra,* correctly construed that section of the Constitution, and would also indicate that the framers of the Constitution did not intend that a married woman should be denied the power and the right of disposition of her property vesting in her by deed or devise, and which, by the use of the words "sole and separate," created in the wife a separate estate. *Walker v. Long,* 109 N. C., 510.

In speaking of the provisions of this section, the Court in that case said: "But that Constitution has wrought very material and far-reaching changes as to the rights, respectively, of husband and wife in respect to her property, both real and personal, and enlarged her per-

sonalty and her power in respect to and control over her property. . . .
This provision is very broad, comprehensive and thorough in its terms,
meaning and purpose, and plainly gives and secures to the wife the
complete ownership and control of her property as if she were unmar-
ried, except in the single respect of conveying it. She must convey
with the assent of the husband. It clearly excludes the ownership of
the husband and such and sweeps away the common-law right or estate
he might at one time have had as tenant by the curtesy initiate. The
strong, exclusive language of the clause recited above is that the prop-
erty 'shall be and remain the sole and separate estate and property of
such female, the wife,' and to make the provision more thoroughly ex-
clusive it further provides that such property shall not be liable for
any debts, obligations or engagements of her husband.''

It seems to have been established by the decisions of the Court in this
State at the time of the adoption of the Constitution of 1868 that deeds
by which property was conveyed to a trustee for the sole and separate
use of a married woman created an active trust in the trustee, and this
was held because otherwise the statute would execute the use, and the
husband would, as husband, becomes vested with rights in and control
over his wife's property. But by the Constitution of 1868, as declared
in *Walker v. Long, supra,* the wife's property was rendered secure to
her, and not subject to the control of, or to the debts or obligations of,
her husband. So that it was no longer necessary to invoke the fiction
of the law in order to protect the wife's property from the husband or
his creditors in deeds made subsequent to the adoption of that Consti-
tution, *Cessat ratio, cessat lex.*

It will be conceded as clear that the creator of a trust may declare
such trusts and upon such terms (provided they be not contrary to law)
and limitations upon conveying or disposing of the trust estate as he
may please, provided the restraints upon alienation are not contrary to
law or public policy, and there is nothing in this section of the Consti-
tution which prohibits it. But in the deed in the instant case there are
no ulterior limitations to be preserved. There are no duties imposed
upon the trustee; he is not required to rent, collect the rents or pay the
rents over or use the property in any way. *Lummus v. Davis,* 160
N. C., 484. Mrs. Williamson being the absolute equitable owner, there
are no ulterior limitations to be protected, and under the terms of the
deed the trustee has nothing but a bare, naked legal estate, unaccom-
panied with a single special duty. The deed, having been executed
subsequent to the adoption of the Constitution, must be taken and con-
strued to have been made subject to its provisions and with a knowledge
of them, and the rules of construction established by the Court before
then and thereby becoming a rule of property, could not apply to such

deeds, however applicable to and controlling in the constructions of deeds made prior thereto.

In *Cameron v. Hicks,* 141 N. C., 21 (27), the Court said: "Whether the rule should have been modified by reason of our constitutional provision in regard to the status of married women, as suggested in *Perkins v. Brinkley,* 133 N. C., 154, it is useless to discuss. However this may be, the trust declared by the deed from Coor to Cox is active, and the necessity for the separation of the legal from the equitable estate manifest. There were contingent remainders to be preserved and powers to be executed. This question is discussed and so decided in accordance with all of the authorities in *Swann v. Myers, supra.* It may be that the correct doctrine is to be found by reading the language of *Ruffin, J.,* in *Hardy v. Holly,* 84 N. C., 661, in the light of what is said by *Smith, C. J.,* in *Norris v. Luther,* 101 N. C., 196, and *Clayton v. Rose,* 87 N. C., 106. This would seem to lead to the conclusion that, in the absence of any permissive provision in the deed, the wife could not convey her equitable separate estate, either for life or in fee, as a *feme sole,* but could do so in the manner prescribed for the conveyance of her statutory separate estate, by joining with her husband and privy examination. However this may be, we are not called upon at this time to enter upon this debatable ground."

One of the powers conferred by the Constitution and assured by it to married women, and confirmed by statute, is the power to devise and bequeath her property, real and personal, and the statute has prescribed a method of executing this power—the same as for men. In view, therefore, of the changes made by the Constitution of 1868, art. 10, sec. 6, and the cases above cited, decided since *Kirby v. Boyette, supra,* the doctrine of that case ought not to be applied to trusts declared by deed or will made since the adoption of the Constitution, unless the trust is an active trust, and the mere use of the words "sole and separate use," without other words imposing some active duties upon the trustee or creating contingent estates to be preserved, ought not to prevent the statute from executing the use.

We have thus stated at length the contentions of counsel as to the question whether the use was executed by the statute, if the trust is passive, or whether it was not, because it was an active trust, but we do not deem it necessary to decide the question or to state our view in regard to it, as we are of the opinion that Mrs. Williamson had the power to will her property, as she did, whether this trust is active or not. It was deemed proper to state fully the contentions of counsel, as we have done, so that it would clearly appear that we are not required to decide the case upon any such ground, as there is a foundation upon which it can securely be based.

If the trust created by the deed of settlement is active, and not executed by the statute of uses, so that Mrs. Williamson had only the equitable estate or the use, we yet are of the opinion that she could devise the property conveyed by it under the power given to her in the Constitution, and also in the statute. The trust expired at her death, for it was then no longer necessary that it should continue, as the coverture, or marriage relation, was thereby severed forever. Her will took effect at her death, so that the time when the trust came to an end and that when her will took effect were exactly coincident—one and the same instant. When she died the gift was discharged of the trust and the will took effect so as to pass the property to the devisee. But the identical question has passed under the review of an able and learned Court, which held that a will made under the same circumstances as appear in this case was effective in law to transfer the property to the devisee. *Kiracofe v. Kiracofe,* 93 Va., 591. The facts in that case were that by deed dated 31 March, 1887, John L. Blakemore settled to the separate use of his daughter, Mary E. Kiracofe, a certain tract of land in Augusta County, by conveying the same with general warranty of title to her husband, Benjamin I. Kiracofe, in trust for her benefit. The grantor uses the following language in prescribing the terms of the settlement: "In trust, nevertheless, for the sole, separate and exclusive use and benefit of Mary E. Kiracofe, the wife of Benjamin I. Kiracofe, and free and discharged from all debts, contracts, liabilities, and marital control of said Benjamin I. Kiracofe." The consideration expressed in the deed for this grant was the natural love and affection which the grantor felt and entertained towards his daughter, and by way and for the purpose of making an advancement to her. In December, 1879, Mary E. Kiracofe died, leaving a will in which she devised this tract of land to her children. The Court said: "The sole question presented by this appeal for our determination is whether Benjamin I. Kiracofe, the husband of the testatrix, has an estate as tenant by the curtesy in this land. The statute of 1849, now carried into section 2513 of the Code, expressly confers upon a married woman power to devise her separate estate. This express power under the statute to devise is equivalent to express power in the instrument so to devise. Hence where a married woman has a separate estate such as is created by the instrument under consideration, and the instrument creating the estate does not restrain her power of alienation, she has, by virtue of the statute, complete power of alienation by will. It is not necessary that the instrument creating the estate should contain an express power in her to alien. She has that power under the statute unless it is restrained or withheld from her by the instrument, and if she exercises her statutory power and disposes of the estate by will it deprives the hus-

band of curtesy as effectually as he would have been deprived of it under a similar disposition made by the wife in pursuance of a power vested in her by the settlement. If the married woman has the power to devise, and fails to exercise it, her husband will be entitled to curtesy; but where she disposes of her separate property by will, as she has the right to do unless restrained, the husband's right to curtesy is lost. This question was decided by this Court in *Chapman v. Price,* 89 Va., 392, and more recently in the case of *Hutchings v. Commercial Bank,* 91 Va., 68. It is contended that the decision in the first-named case is *obiter dictum;* that its decision of the question was not necessary in that case because the language used in the instrument then before the court excluded the right of the husband to curtesy. If the court so understood the language in that case it wholly failed to make any allusion to the fact. On the contrary, it placed its decision squarely on the ground that the estate was 'a sole and separate estate,' and the wife having, as she had the right to do, devised the lands in questions, the husband had no curtesy. · In the case at bar, the language used in the deed from John L. Blackmore to Benjamin I. Kiracofe, trustee for Mary E. Kiracofe, creates a sole and separate equitable estate in Mary E. Kiracofe. As already seen, there is in Mary E. Kiracofe, under the statute, a complete power of alienation by will, that power not having been restrained by the instrument, and she having exercised that power and devised the estate by her last will to her children, her husband, Benjamin I. Kiracofe, is not entitled to curtesy therein."

It will be noted that there the question was whether the wife's will deprived the husband of his curtesy, and it was held that it did, for the reason that though the wife's estate was held in trust for her separate use and benefit she could, nevertheless, under the Virginia statute of 1849 (Code, sec. 2513), which is worded like our Constitution and statutes, devise that separate estate so that it would operate to take away the estate by the curtesy which, if she had died intestate, would have gone to her husband.

The case of *Kelly v. Alred,* 65 Miss., 495, is substantially to the same effect. We quote the first two headnotes as follows:

"1. Under section 1169, Code of 1880, which provides that 'A married woman may dispose of her estate, real and personal, by last will and testament, in the same manner as if she was not married,' a wife has the right to devise the homestead occupied with her husband, it being her separate property, unaffected by the provision of section 1260 of the Code that 'No conveyance of the homestead interest, when this interest is the separate property of the wife, shall be valid and binding unless signed and acknowledged by the husband living with his wife.'

"2. The provision of section 1279, which gives to the surviving hus-

band the homestead owned by his deceased wife, she having left no issue, was intended to apply only where the wife dies intestate."

In *Hickman v. Brown*, 88 Ky., 377, it was held that a married woman could dispose of her separate estate created by deed or will, as by the statute she is empowered to dispose of an estate so acquired. The separate estate there was acquired under an ante-nuptial contract. The following cases are to the same effect: *Dillard v. Dillard's Exrs.*, 21 S. E., 669; *Bennett v. Hutchinson*, 11 Kan., 398 (opinion by *Judge David J. Brewer*, afterwards Associate Justice of the Supreme Court of the United States); *Emmert v. Hays*, 89 Ill., 11; *Johnson v. Johnson*, 24 S. W. (Ky.), 628 (the will was in favor of the husband, as here); *Allen v. Little*, 5 Ohio, 66, at p. 72, where it is said:

"If a married woman is a 'female person,' she is authorized by the act of 1808 to make a will; and that she is thus authorized seems to be clear beyond a doubt to a majority of the Court. It has been argued by the counsel for the defendant that to give this construction to the statute would be fraught with danger. We are aware of the disabilities under which a married woman labors at common law. We are aware that to some intents she is esteemed as dead in law; that her contracts are not obligatory upon her; that she is not answerable even for crimes committed in the company of her husband. Still, notwithstanding all these disabilities, she may, even in England, convey her lands by fine, and in our own State by deed, if executed by and with her husband. And we do not readily perceive that there is any more danger to be apprehended from permitting a *feme covert* to transfer her land by will than there is in empowering her to convey by deed. . . . We go upon the ground that, by the statutes of 10 February, 1810, a married woman had an unquestionable right to make a will."

And in *Dillard v. Dillard, supra,* it was held that "A woman had no power to dispose of her separate real estate acquired prior to 1 January, 1850, unless the deed or instrument creating the same confers such power; but by Code 1849, ch. 122, p. 3, and Code 1887, p. 2513, she is given power to dispose of her separate property by will."

There is nothing in this deed of trust that forbids Mrs. Williamson to will the property, and therefore there is no express restriction of her power to do so. We are asked, though, if she cannot convey the property, how can she devise it? It is quite evident that the two powers are different in respect to her separate estate. She cannot convey because, if this is an active trust, it would violate the implied condition of the trust and defeat the very object of the trust if she were permitted to do so, as the deed would operate during her life, whereas a will would take effect at her death, when the trust would be closed, or rather when the object in creating it would have been fully attained, and there would

no longer be any reason for continuing the trust. One of the cases we have cited answers this query and points out the difference between her making a deed and a will. *Kelly v. Alred, supra.*

In Gardner on Wills, at p. 96, sec. 26, the question as to the married woman's power to will her separate estate held in trust or not is discussed, and the conclusion we have arrived at is sustained, viz., that a married woman owning an equitable separate estate in fee may, unless prohibited by the instrument creating it, devise the same; and where the power to make such devise is given by the Constitution or a statute, it has the same effect as if incorporated into the instrument creating the estate, unless she is restrained therein from exercising the power, as was held in *Kiracofe v. Kiracofe,* 93 Va., at 591, where the syllabus states the rule.

Our conclusion is that the demurrer was properly sustained.

No error.