KIRKMAN v. HOLLAND.

(Filed October 3, 1905).

*Trusts—Adverse Possession—Statute of Limitations—Evidence—Statute of Uses—Deeds.*

1. Where property was conveyed in trust for M during her life, with power of appointment, and on her failure to make the appointment in trust to surrender and deliver up said property to such child, etc., as may be living at her death, and M died in 1903, *held,* that possession by the defendant of said property since 1856, claiming to own the same in fee simple, under a deed from W, who had no title, is adverse to the trustee and bars the plaintiffs, who are the child and grandchild of M.

2. Evidence that the trustee had knowledge of a contract entered into between M, under which the property was turned over to the father of W, who was soon in possession of said property, was incompetent.

3. Evidence that the trustee from 1855 and up to the death of M made no effort to recover possession of the property because he was told by M not to do so, that she had sold her life estate, but that her daughters would be entitled to the property after her death, was properly excluded.

4. A trust, declared in a deed to a trustee which imposed the duty upon the trustee to convey the legal title when directed by M, and in default of such instruction to surrender and deliver it up to such child, etc., as M might leave surviving, is not of that class which is executed by the statute of uses.

5. When the trustee, in an active trust, is barred by the statute of limitations, the *cestui que trustent* are also barred.

6. Where one has a deed conveying no title, interest or estate, and enters under said deed, claiming to own the land in fee simple, such possession is adverse to the owner.

ACTION by Emeline Kirkman and another against J. B. Holland and others, heard by *Judge W. R. Allen* upon an agreed statement of facts at the February Term, 1905, of the

Superior Court of CRAVEN County. From a judgment for the defendants, the plaintiffs appealed.

This is an action for the recovery of two lots in the city of New Bern. Plaintiffs claimed under the following chain of title: Deed from Joseph Merkell to Jno. Peter Merkell, bearing date April 15, 1841, upon the following uses and trust, to-wit: "In trust for the sole and separate use of Caroline M. Merkell, wife of the said Joseph Merkell, during the life of the said Caroline Merkell, so that said real estate hereby granted shall not be liable, or in any manner subject to, the debts, contracts or engagements of the said Joseph Merkell, and further to grant and convey said property or any part thereof to such person or persons for such considerations and for such interests and estates as the said Caroline M. Merkell, shall, by any writing under hand and seal during her coverture, direct, limit or appoint, and upon the dissolution of the said marriage by the death of the said Caroline M. Merkell, and on her failure to make the appointment above mentioned in trust to surrender and deliver up said property to such child or children of the said Joseph Merkell, and Caroline M. Merkell, his wife, as may be living at her decease."

By successive conveyances, the title to the said property was vested in R. A. Russell on the 4th day of August, 1855, upon the same trusts set forth in the deed of April 15, 1841. Caroline M. Merkell died on the 27th day of December, 1903. The plaintiff, Emeline Kirkman, is a daughter, and plaintiff, Ella Moore, is a granddaughter of the said Caroline M. Merkell. The defendants claim title to the real estate in controversy under deed executed by T. G. Wall and wife, Janet, to Samuel Bishop during the year 1856. The said Janet Wall was a daughter of William Hollister. This deed recites that this lot had been contracted to be sold to Wm. Hollister. By mesne conveyances such title as Bishop acquired by said deed passed to and vested in the defendants. The defendants, and those under whom they claim, by the

said chain of title have been in possession of the said property under said deeds claiming to own the same in fee simple since the       day of       1856.   That plaintiffs and the trustees had no other notice of this claim than that which the law implies from actual possession and the registration of the deeds.   The plaintiffs offered to show by R. A. Russell, the trustee and brother of Caroline Merkell, that he had knowledge of a contract entered into between Caroline Merkell and Joseph Merkell, under which the lot was turned over to William Hollister, a near relative of Janet Wall, who was soon in possession of said property.   To this testimony the defendant objected.   Objection sustained and plaintiffs excepted.   Plaintiffs also offered to show by said witness that from 1855 and up to the death of Caroline Merkell, his sister, he made no effort to recover the possesion of the said property because he was told by his said sister not to do so, that she had sold her life estate, but that her daughters would be entitled to the said property after her death.   Defendants objected—objection sustained and plaintiffs excepted.   The defendants relied upon the statute of limitations to bar the action of the plaintiffs.   Judgment was rendered for the defendants and plaintiffs appealed.

*W. D. McIver* for the plaintiffs.
*W. W. Clark* for the defendants.

CONNOR, J., after stating the facts: The first question to be disposed of is the admissibility of the proposed testimony. In respect to the first question, we concur with His Honor. Assuming the fact to be proven, which we must do for the purpose of passing upon the exception, we do not see how it could affect the right of the defendants; they do not claim under William Hollister, nor does it appear that he was to become the purchaser.   The mere fact that Joseph Merkell and his wife made a contract, under which the lot was turned

over to him prior to the execution of the deed from his daugh-
ter, Mrs. Wall, to Bishop, did not tend to show that either
Mrs. Wall or her grantees were in possession under Mrs.
Merkell.   The contract may, so far as it appears, have been
a lease to Mr. Hollister.   The fact that he was "soon in
possession" does not intend to show that he was a purchaser
and if it did, there is no legal connection between that fact
and the execution of the deed by his daughter to Bishop.   If
the fact were admitted, the deed from Wall and wife would
have conveyed no estate either legal or equitable to Bishop.
In respect to the second question we also concur with His
Honor.   We do not perceive how Mrs. Merkell's declaration,
that she had sold her life estate, can be competent against the
defendants.   If competent, the proposed testimony is too in-
definite to base any conclusion upon.   It does not appear to
whom she said that she had sold, or when the declaration was
made.   If made after the entry by Bishop, under his deed, it
would be clearly incompetent.   With the proposed testimony
excluded, the case as decided by His Honor presents the
single question whether the possession by Bishop and those
claiming under him was adverse to the trustee, thereby bar-
ring the *ceslui que trustent*.   It is clear that the trust de-
clared in the deed to John Peter Merkell, which passed to
Russell, was not one of that class which was executed by the
statute of uses.   The duties imposed upon the trustee to con-
vey the legal title when directed by Mrs. Merkell and in de-
fault of such direction to "surrender and deliver it up to
such child, etc., as she might leave surviving" prevented the
operation of the statute.   *Perkins v. Brinkley,* 133 N. C.,
154.   The legal title remained in the trustee until the death
of Mrs. Merkell.   This being so, it would seem that the case
comes directly within and must be governed by the decision
of this court in *King v. Rhew,* 108 N. C., 696.   There is but
one possible difference between the two cases.   In that case
it was admitted that the defendant had been in the actual,

open possession of the land claiming adversely under said
deed and such possession was adverse, unless in law it was
not so. In our case it is admitted that the defendants and
those under whom they claim have been in possession under
such deeds, claiming to own said property in fee simple since
1856. We are unable to see any substantial difference be-
tween the two cases. When one has a deed conveying no
title, interest or estate and enters under said deed, claiming
to own the land in fee simple, it is difficult to see why such
possession is not adverse to the owner. The learned counsel
for the plaintiffs call our attention to section 146 of The
Code. It is not necessary to consider the effect of this sec-
tion because, conceding the presumption raised thereby, it is
rebutted by the admission in the case agreed. The counsel
suggest that the decision in *King v. Rhew, supra,* is based
upon subtle refinement rather than upon plain reason. How-
ever this may be, the opinion of *Mr. Justice Shepherd* shows
clearly that in this State, at least, the authorities are uni-
form. The discussion in that opinion leaves nothing to be
said by us upon the subject. It would seem that, accepting
as we must do the doctrine as announced in that case, the
facts in this record bring the case clearly within it. There
the defendant grantors entered under a deed attempted to be
made by the owner of the equitable life estate. There was in
fact no ouster of the life tenant. She and her husband under-
took to sell the lot and put the purchaser in possession—yet
the court held that because the deed was void by reason of a
defect in its form and execution, the entry of the grantee was
an ouster of the trustee and the possession adverse. In our
case, if the proposed testimony were competent it would not
show any deed or paper title to Mrs. Wall. If Russell had
owned the land free from any trust there would be no ques-
tion that upon the admitted facts he would be barred. This
being so, the *cestui que trustent* are also barred. It is a hard-
ship on the plaintiffs and if it were an open question, we

should attach much weight to the able argument and brief of their counsel, but we cannot unsettle rights acquired under decisions which have become rules of property. The judgment must be

Affirmed.