C. T. VAUGHAN v. K. R. WISE et al.

(Filed 25 February, 1910.)

**Trusts and Trustees—Deeds and Conveyances—Fee—Limitations—
Creditors—Repugnancy.**

In a fee-simple devise with a subsequent provision that during
the life of the devisee the property is to be "managed" by the
trustees, paying to him the income and exempting the property
from liability for his debts, the provision is repugnant to the
fee, and the limitations imposed are void; and at the suit of a
purchaser for value under a deed from the devisee and the
trustee, judgment against the latter and in favor of the plain-
tiff for possession should be granted. The "Spendthrift Trust,"
Revisal, 1588, is inapplicable.

APPEAL from *Peebles, J.,* at Fall Term, 1909, of HERTFORD.
The will of M. W. Wise contained this provision: "8. All
that portion of my property that I have given to my son K. R.
Wise, I give in trust to my daughter, Eula S. Smith, and my
son W. B. Wise, to be managed for him and paid to him as he
may need and require it, they giving security for the faithful
performance of this duty. I do not owe anything to his cred-
itors, and therefore do not feel under any obligations to them."
In section 6 of the will the testator had given all his estate, not
specifically devised, "to be equally divided between my three
children, K. R. Wise, W. B. Wise and Eula S. Smith." There-
after, on 17 June, 1904, the three children above named made
a voluntary partition by deed of the realty, allotting to each
one-third, to be held in severalty. On 9 September, 1904, K. R.
Wise gave a deed in trust on a part of his allotment to secure
certain indebtedness to the plaintiff. The said Eula S. Smith
and W. B. Wise refused to qualify as trustees for K. R. Wise,
as specified in the will, and Isaac Pipkin was appointed trustee
in their stead by the clerk of the Superior Court. *Roseman v.
Roseman,* 127 N. C., 494.

On 7 March, 1907, the indebtedness to plaintiff having become
due and being wholly unpaid, K. R. Wise executed a convey-
ance of the property embraced in his aforesaid deed of trust
to the plaintiff; said Isaac Pipkin, trustee, and the daughter of
K. R. Wise, at his request, joining in said conveyance. And
further, at request of plaintiff, on 17 April, 1908, the trustee in
the deed of trust sold the property after due advertisement, and
according to the terms of the deed in trust, at which sale the
plaintiff purchased and received a deed for the property.

VAUGHAN v. WISE.

This is an action for possession of the property against K. R. Wise; his daughter and Isaac Pipkin, the trustee, being joined as defendants.

Judgment for plaintiff upon the facts agreed. Defendant appealed.

*L. J. Lawrence* and *Winborne & Winborne* for plaintiff.
*D. C. Barnes* for defendant.

CLARK, C. J., after stating the case: In *Mebane v. Mebane,* 39 N. C., 131, *Ruffin, C. J.,* said: "In *Dick v. Pitchford,* 21 N. C., 480, the question arose upon a conveyance of negroes to one, in trust, annually to apply the profits to the use of the donor's son, H. P., so that they should not be subject to be sold or disposed of by H. P., or the rents and profits anticipated by him, or in any manner subject to his debts; and it was held that the son's conveyance was nevertheless effectual to pass his interest as *cestui que trust* for the term of his life. * * * Whatever interest the debtor has in property of any sort may be reached by his creditors, either at law or in equity, according to the nature of his property. Terms of exclusion of the donee's creditors, not amounting to a limitation of the estate, can no more repel the creditors than a restraint upon alienation can tie the hands of the donee himself. Liability for debts ought to be and is just as much an incident of property as the *'jus disponendi'*; for, indeed, it is one mode of exercising the power of disposition. In *Bank v. Forney,* 37 N. C., 184, the Court said that, however anxiously the benefit of the donee personally may be looked to by the donor, the policy of the law will not permit property or a trust to be so given that the donee may continue to enjoy it after his bankruptcy, or, in other words, against his creditors. In *Brandon v. Robinson,* 18 Ves., ch. 429, there was a trust to pay dividends from time to time into the proper hands of a man, or on his receipt, and that they should not be grantable or assignable by way of anticipation; and it was held that this interest passed to his assignees in bankruptcy; *Lord Eldon* remarking that any attempt to give property, and to prevent creditors from obtaining any interest in it, could not be sustained; and that the gift must be subject to the incidents of property, and it could not be preserved from creditors unless given to some one else, that is, limited over. Following that case was *Graves v. Dolphin,* 1 Sim., 66, in which estates were devised in trust to pay an annuity to the son for his personal support for life, not liable to his debts, and to be paid from time to time into his own proper hands, and not to any other person (and his receipt only to be a discharge); and

*Sir John Leach* declaréd that, although the testator might have
made the annuity determinable by the bankruptcy of his son,
yet, as he had not done that, the policy of the law did not per-
mit property to be so limited that it should continue in the
enjoyment of the donee, notwithstanding his bankruptcy; there-
fore, that the annuity passed under the commission."

. Then, after citing divers other cases, *Chief Justice Ruffin* fur-
ther says: "The foregoing cases sufficiently establish that by the
use of no words of art can property be given to a man, or to
another for him, so that he may continue to enjoy it, or derive
any benefit from it, as the interest, or his maintenance thereout,
or the like, and at the same time defy his creditors, and deny
them satisfaction thereout. The thing is impossible. As long
as the property is his, it must, as an incident, be subject to his
debts, provided only that it be tangible. The only manner in
which creditors can be excluded is to exclude the debtor also
from all benefit from or interest in the property, by such a
limitation, upon the contingency of his bankruptcy or insol-
vency, as will determine his interests and make it go to some
other person."

In *Pace v. Pace,* 73 N. C., 125, it is said by *Rodman, J.:* "It
is settled that by no form of words can property be given to a
man or to another in trust for him, so that he shall not have
a right to dispose of his estate in it, unless there be in the in-
strument of gift a provision that upon an attempted alienation
it shall go over to some third person. *Dick v. Pitchford,* 21
N. C., 480; *Mebane v. Mebane,* 39 N. C., 131."

In *Ricks v. Pope,* 129 N. C., 55, it is said: "The clause
against liability for the debts of Isaac (the grantee) is incom-
patible with and repugnant to the grant of the fee-simple estate,
and void," citing several cases.

Here, there is a devise in fee simple to K. R. Wise, with a
subsequent provision that during his life the property is to be
"managed" by trustees, who are to pay over the income to
him, as the devisor wishes the property exempted from liability
for K. R. Wise's debt. The deed to plaintiff has been exe-
cuted, both by him and the trustee, and in any view upon the
facts agreed, judgment was correctly entered in favor of the
plaintiff. This devise does not come within the terms of a
"Spendthrift Trust" authorized by Revisal, 1588, which section
is to be strictly construed. *Gray v. Hawkins,* 133 N. C., 1.

Affirmed.