J. L. LUMMUS v. LeROY DAVIDSON ET AL.

(Filed 20 November, 1912.)

**Trusts and Trustees—Uses and Trusts—Statute of Uses—Active Trusts.**

A devise of lands to be held in trust for the purpose of collecting the rents and profits and paying them over to the beneficiary named, and to perform other duties, creates an active trust, evidencing the testator's intent that the legal title should remain in the trustee to execute the uses designated; and, the trust being active, it is not executed by the statute of uses, and the lands may not be subjected to execution issued on a judgment debt of the *cestui que trust*. The distinction is drawn between this case and those wherein there has been a devise or conveyance of rents and profits to a person directly, by ALLEN, J.

APPEAL by plaintiffs from *Justice, J.,* at October Term, 1912, of MECKLENBURG.

This is an action to recover a certain tract of land.

The plaintiff claims to be the owner of the land in controversy, under a sale under execution against LeRoy Davidson, who derived his title and interest under the will of A. B. Davidson, the material parts of which are as follows:

"Item 4. I give and bequeath to my son, E. L. B. Davidson, all my interest in and to a certain lot and house situate in the city of Charlotte and commonly called the 'Bank Building,' and known also as No. 5 East Trade Street, to be held by him in trust, nevertheless, for the following purposes, to wit: to collect the rents and profits arising therefrom and to pay the same over to my son, LeRoy Davidson, after having deducted therefrom the ratable part of the taxes to be assessed against said property, as well as the ratable part of any repairs that may have been made upon said realty necessary to preserve the property; but I hereby expressly charge the real estate in this item devised with the payment of any mortgage that may be upon the same at my death to the exoneration of my personal estate."

"Item 10. I will and direct that all the residue of my estate be converted into money by my executors, and to this end they are hereby authorized and empowered to sell, either at public or private sale, as they deem best, for this purpose, all my real and

personal estate, and the proceeds arising therefrom, together with the collections made by them upon debts owing to my estate, after the payment of my debts and incidental expenses of administration, they shall divide equally among my children, share and share alike, living at the date of the execution of this will."

"Item 11.  I hereby name and appoint E. L. B. Davidson, and my friend, John E. Oates, executors of this my last will and testament."

At the time of the death of the said A. B. Davidson, on 4 July, 1896, there was a mortgage upon said property to secure a note executed by him in the sum of $2,000, which mortgage has never been canceled and the debt has never been satisfied.

It was admitted on the trial that, at the time of the death of A. B. Davidson, the rents and profits from his one-half of said lot were less than $500 per annum, and out of said rents and profits the interest on the mortgage of $2,000 and the taxes on the property were to be paid; the plaintiff further admitted that the mortgage or deed of trust for $2,000 is still on the property, and that LeRoy Davidson, at the time of the levy and sale under the devise in the will of A. B. Davidson, received the net rents and profits on one-half of said bank lot from the trustee, E. L. B. Davidson, who was in possession.

At the conclusion of the evidence, his Honor, being of the opinion that said trust estate is not liable to levy and sale on execution at law, rendered judgment accordingly, which is set out in the record, and from said judgment the plaintiff appealed to the Supreme Court, and assigned the said ruling as error.

*J. W. Hutchison for plaintiff.*
*Maxwell & Keerans for defendant.*

ALLEN, J.  We have carefully considered the full and learned brief of counsel for appellant, supplemented, as it was, by an interesting oral argument, but we cannot agree to his conclusions.

Prior to the act of 1812, no equity could be sold under execution, nor can an equity be sold since the statute, "unless the sale of the equity can draw to it the legal estate, which cannot be if the legal estate is hitched to some other equity, because,

then, equal forces are pulling in opposite directions." *Tally v. Reid,* 72 N. C., 339; *Love v. Smathers,* 82 N. C., 372; *Everett v. Raby,* 104 N. C., 480; *Gorrell v. Alspaugh,* 120 N. C., 367; *May v. Getty,* 140 N. C., 320.

It follows, therefore, if the trusts created by the will of A. B. Davidson are active trusts, and it is necessary for the trustee to hold the legal title to perform them, that the title or interest of LeRoy Davidson cannot draw to it the legal estate and is not subject to sale under execution.

The line is clearly marked between a devise or conveyance of the rents and profits to a person directly, and the case of such devise or conveyance to a trustee in trust to collect and out of the rents to pay certain amounts, and then to pay the balance to such person.

The first class is considered by *Justice Walker* in *Perry v. Hackney,* 142 N. C., 372, in which he says: "The words, 'all my rents,' were held sufficient to pass real estate; for it was said to be according to the common phrase, and usual manner of some men, who name their lands by their rents. 3 Gr. Cruise (2 Ed.), p. 229 (7 Cruise, 176). So a devise of the 'rents, issues, and income' of lands was held to pass the land itself. *Anderson v. Greble,* 1 Ashmead, 136. A person having let several houses and lands for years, rendering several rents, devises as follows: 'As concerning the disposition of all my lands and tenements, I bequeath the rents of D to my wife for life, remainder over in tail.' The question being whether, by this devise, the reversions passed with the rents of the lands, it was resolved that they did, as that was clearly the intention, and the will should be construed according to the intent to be gathered from its words. *Kerry v. Derrick,* Crokes Jac., 104; *Allan v. Backhouse,* 2 Ves. and B., 74. A devise of the income of land was held to be in effect a devise of the land (*Reed v. Reed,* 9 Mass., 372); so a devise of the 'rents, profits, and residue' of the testator's estate received a like construction. *Den v. Drew,* 14 N. J. L., 68. In *Parker v. Plummer,* Cro. Eliz., 190, a devise in the following words, 'I will that my wife shall have half the issues and profits of the land during her life,' the question being whether she had any interest in the premises or was only enti-

tled to have an account of rents, it was determined that she had an estate, 'for to have the issues and profits and the land were all one,' and the same was held with respect to a devise of a 'moiety of the rents, issues, and profits of my estate,' the words being equivalent to a devise of the estate in fee. *Stewart v. Garnett,* 3 Sim., 398."

As to the second class, it is said in Tiedeman on Real Property, sec. 494: "Where a special duty is to be performed by the trustee in respect to the estate, such as to collect the rents and profits, to sell the estate, etc., the trust is called *active.* It is the duty which prevents the operation of the statute, for the trustee must have the legal estate in order to perform his duties"; and in Lewin on Trusts, vol. 1, p. 210: "Special trusts are not within the purview of the Act of Henry the Eighth, and therefore, if any agency be imposed on the trustee, as by a limitation to A and his heirs, upon trust to *pay* the rents, or to *convey* the estate, or if any control is to be exercised or duty is to be performed, as in the case of a trust to *apply* the rents to a person's *maintenance,* or in making *repairs,* or to *preserve contingent remainders,* and *a fortiori* if to *raise a sum of money,* or to *dispose of by sale,* in all these cases, as the trust is of a special character, the operation of the statute of uses is effectually excluded," both of which are cited with approval in *Perkins v. Brinkley,* 133 N. C., 158.

Many authorities might be quoted in support of this doctrine, but we will do no more than quote the full and accurate statement in Underhill on Wills, sec. 773: "Active uses are not executed by the statute. All uses and trusts are, irrespective of any statute, either active or passive in their nature. Where the feoffee to use has any active duty to perform, the use is active and it is not executed by the statute of uses. If the feoffee to use were by the feoffor directed to *pay the net income* and profits of land to A after paying and *deducting taxes, rates, and repairs,* or if he were directed *to apply the rents* and profits to the support or to the maintenance and education of the beneficiary, or if he is to *receive and pay* the rents to A, or if he is to pay annuities out of the income, or to *lease property* and *collect and pay* over the rents of the same, or to accumulate

LUMMUS *v.* DAVIDSON.

profits and income, or if he is merely to keep the property in repair, the use, or, in modern language, the trust, is an active one, and it will not be executed by the statute of uses.  In other words, where any control is to be exercised or any duty is to be performed by the trustee, *however slight it may be,* or where the trustee is empowered to exercise a discretion in the management of the fund, either as regards its investment or the expenditure of the income, the trust is active.  For, inasmuch as it will be impossible for the feoffee or trustee to perform the duties imposed upon him unless he is permitted to retain the legal estate in him, it will be conclusively presumed that the feoffor meant that he should hold it.  Equity will not permit the legal title to be transferred to the beneficiary under the statute of uses, against the plain intention of the creator of the use or trust that he should have only an equitable interest.  And as the statute of uses also provided that the *cestui que use,* as soon as the use was executed, should stand seized in the same 'quality, manner, form, and condition' as he had in the equitable interest, and as he had only the right to receive the net income, it is clear that the statute had no application to an active trust or use, for no person can be a trustee for himself."

The provisions of the will before us meet all the requirements of an active trust.  The land is devised to a trustee, and he is required to collect the rents and profits and pay the ratable part of the taxes and repairs, subject to the rights of the mortgagee, and to pay any balance to LeRoy Davidson.  Active duties are imposed, in the performance of which it is necessary for him to hold the legal title.

We are, therefore, of opinion that the plaintiff acquired no title under the execution sale.

No error.