FOWLER & LEE v. W. M. WEBSTER ET AL.

(Filed 25 April, 1917.)

**1. Trusts and Trustees — Spendthrift Trusts — Income — Statute of Uses — Statutes.**

> A devise creating a spendthrift trust, under Revisal, sec. 1588, for the trustee to receive and pay the profits, annually, or oftener for the support and maintenance of the testator's named son, is not a passive trust either as to the principal or income, or one executed under the statute of uses, and is not subject, as to either, to the payment of the debts created by the *cestui que trust,* though he be a nonresident of the State.

**2. Same—Creditors—Exemptions.**

> The effect of the spendthrift trust, Revisal, sec. 1588, is not to create a personal property exemption in favor of a nonresident *cestui que trust* in the income from the trust estate.

APPEAL by plaintiffs from *Cline, J.,* from August Term, 1916, of UNION.

*J. C. M. Vann for plaintiffs.*
*Stewart & McRae for garnishee.*

CLARK, C. J. This is a proceeding to garnishee the trustee in a "spendthrift trust" in order to subject the income maturing from the fund in its hands to the payment of a debt of the *cestui que trust,* who is a nonresident.

Revisal, 1588, provides: *"Spendthrift Trusts authorized.*—It shall be lawful for any person by deed or will to convey any property, which does not yield at the time of the conveyance a clear annual income exceeding $500, to any person in trust to receive and pay the profits annually or oftener for the support and maintenance of any child, grandchild, or other relation of the grantor, for the life of such child, grandchild, or other person, with remainder as the grantor shall provide; and the property so conveyed shall not be liable for or subject to be seized or taken in any manner for the debts of such child, grandchild, or other relations, whether the same be contracted or incurred before or after the grant."

This trust is created by a devise, and the parts pertinent to this controversy are a direction that the fund specified is given "in trust to receive and pay the profits, annually or oftener, for the support and maintenance of my son, McRae Webster (W. M. Webster), during his lifetime," with provision for the disposal of the fund at his death, and adding: "This trust is created in accordance with the

provisions of section 1588 of the Revisal of 1905, and the said company is hereby authorized and empowered to sell and convey, invest and reinvest the said trust property as often as in the judgment of the proper officer of the said corporation it may seem best."

This trust is created in exact compliance with the object and the language of the statute. The learned counsel for the plaintiff insists, however, that it is invalid because it confers the "personal property exemption" on a nonresident. We need not consider whether the Legislature is forbidden to create a personal property exemption in favor of a nonresident, for that is not the effect of this statute.

The learned counsel for the plaintiff admits that the corpus of the fund is not the property of the *cestui que trust,* and, therefore, that cannot be touched; but he insists that the income therefrom is to be paid over to the defendant, and, becoming his property, it can be subjected to his debt. But this ignores the language of the statute and the terms of the trust created by this will. This is not a passive trust as to the income, which would, therefore, be executed under the statute of uses, any more than it is as to the corpus of the fund. A trust in which the trustee pays over the income to the beneficiary could be created without the necessity of this statute, and in such trust the income is the property of the *cestui que trust* and can, of course, be subjected to the payment of his debts. It was precisely for this reason that equity created spendthrift trusts, which in this State, and some others, are now statutory. This object is expressed in Beach on Trusts, sec. 554, which says that these trusts are created for the benefit of such persons as "are deemed incapable of holding or disposing of this income."

Spendthrift trusts are not created merely for the purpose of preserving the corpus of the fund intact for the remainderman or on other trusts, leaving the beneficiary to use the income as he may see fit, but they require the trustees to hold and disburse the income itself. The *cestui que trust* has no right to touch one cent thereof. It is this that differentiates a spendthrift trust from an ordinary trust, in which last the trustee hands over the income to be disposed of by the beneficiary.

A spendthrift trust is not a passive trust, even as to the income, for in that case the income would become the property of the beneficiary as fast as it accrues and could be subjected to his debts, unless exempted by statute as a part of his personal property exemption; but the income itself is to be used and disposed of by the trustee according to its judgment for the best results in the support and mainte-

nance of the beneficiary. The language of this trust is not "to receive and pay the profits annually to W. M. Webster," which would make it a passive trust as to the income, but the language is "to receive and pay the profits annually or oftener for the support and maintenance of my son, W. M. Webster, during his lifetime." This is, therefore, an active trust in regard to the income as well as to the corpus of the fund, and the trustee is not to pay the income to the son, but is to disburse it "in the support and maintenance" of the son.

Such trusts as these have been often before the courts and have been upheld. Among other cases, *Spindle v. Shrever,* 111 U. S., 546; *Graff v. Bonnett* (N. Y), 88 Am. Dec., 236; *Trust Co. v. Chambers,* 86 Am. Dec., 513; *Garland v. Garland,* 24 Am. St., 682; *Talley v. Ferguson,* 17 L. R. A. (N. S.), 1215; *Kutz v. Nolan,* 24 L. R. A. (N. S.), 1124; *In re Morgan,* 25 L. R. A. (N. S.), 236; *School v. Warden,* 40 L. R. A. (N. S.), 1215; 26 A. & E. (2 Ed.), 439; 39 Cyc., 33, 40, citing numerous cases in the notes thereto.

In *Trust Co. v. Chambers, supra,* it was held that an attachment would not lie to subject the fund in the hands of the trustee. In our own State the Court has protected the corpus of the fund in *Lummus v. Davidson,* 160 N. C., 484, which the plaintiff does not contest. *Mebane v. Mebane,* 39 N. C., 101, strenuously relied on by the plaintiff as authority to subject the income in this case, has no application, for *Chief Justice Ruffin* was there speaking of an ordinary trust in which the income was to be paid over to the *cestui que trust,* and, with his usual clearness and his scorn of any subterfuge by which a party sought to exempt from liability for his debts a fund which he could use at his own will and for his own purposes, he said: "It would be a shame upon any system of law if, through the medium of a trust or any kind of contrivance, property from which a person is absolutely entitled to a comfortable, perhaps an affluent, support, and over which he can exercise the highest right of property, namely, alienation, and which upon his death would undoubtedly be assets, should be shielded from the creditors of that person during his life. There is no such reproach." To the same purport, *Vaughan v. Wise,* 152 N. C., 32, and cases therein cited, in all of which the *income* was to be paid to the *cestui que trust,* and, of course, could be subjected for his debts.

In a spendthrift trust the beneficiary cannot "exercise the highest right of property, namely, alienation" as to the income, nor will it "upon his death undoubtedly be assets." In spendthrift trusts authorized by the statute the beneficiary acquires no interest or property in the income any more than he does in the principal of the fund. He cannot alienate the income, he cannot direct its application in

the purchase of any article whatever, or its disposal for any purpose. The trustee holds the income just as he holds the principal, to be applied for the designated purposes. It is the duty of the trustee to make the disbursement, whether for board or clothing or in any other method in his judgment required for the support of the beneficiary. But he is not authorized to pay over any part of the income to the beneficiary that he may spend it or use it or disburse it. The cardinal idea is that the *cestui que trust* is "incompetent and cannot be trusted with the handling of the income," (Beach on Trusts, *supra*), which duty is to be discharged by the trustee. Such being the case, the courts cannot, without violating the right of property possessed by the trustor, and the proper discharge of the trust by the trustee, condemn any part of the income for the foreign purpose of paying the debts of the *cestui que trust,* since the whole idea and purpose of this trust is that the beneficiary is unfit to handle the income of the fund.

The statute (Rev., 1588) serves a wise and humane public policy, and it is protected against abuse by limiting the income in amount to $500.

The judgment of the court below in refusing the application to subject the income of this fund to the payment of debts incurred by the *cestui que trust* is

Affirmed.