**UNITED STATES v. DALLAS NAT. BANK et al.**

Civil Action No. 992.

District Court, N. D. Texas, Dallas Division.

July 10, 1944.

A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for plaintiff.

J. L. Lipscomb (of Hamilton, Lipscomb, Wood & Swift), of Dallas, Tex., for defendants.

ATWELL, District Judge.

Mrs. Belle Shumard created a trust for the benefit of certain legatees, under the provisions of which the defendant Carolyn C. Maxwell's portion was guarded by this provision, to wit:

"Prior to such payment or delivery by the trustee to the beneficiary, no such rights, estates, corpus, or income, shall be subject to any legal seizure, levy, sale or other administration or liquidation through or under any action, suit, writ, probate, bankruptcy or other proceedings, against any such beneficiary, or against the property of any such beneficiary. In no event shall the trustee pay or deliver any money or other property, or account, to anyone claim-

ing through or under any such beneficiary, in violation of the terms of this codicil."

The income tax on this particular inheritance, at Dallas, Texas, has been paid.

Mrs. Maxwell and her husband, Gerald L. Maxwell, are residents and inhabitants of England.

On March 7, 1944, an order for substituted service was granted under the statute, on a suit instituted by the plaintiff for taxes, penalties, and interest, assessed against the defendant Maxwell, for the years 1931, 1934 and 1935, wherein plaintiff claimed a lien on the above share from her grandmother Shumard. The amount sought by the plaintiff is $7,622.70.

The proof introduced at the trial tends to show that the assessment against Mrs. Maxwell was made on an alleged stock market transaction in New York, and all notices that were sent to her and 'all the assessments that were made against her came from the Commissioner and the Collector at New York.

There are two defenses to recovery. Both seem to be good. The first is that donor Shumard had the right to order her property for the benefit of her granddaughter so as to protect it in the manner shown in the above quotation, and that payments to her are not liable to lien or seizure for the indebtedness, if any there is, growing out of the New York affair.

Provisions against alienation and liability for the donee's debts, when appearing by express words, or necessary implication, are valid and will be respected. The question is not even debatable. Nunn v. Titche-Goettinger Co., Tex.Com.App., 245 S.W. 421; Plitt v. Yakel, 129 Md. 464, 99 A. 669; Fowler & Lee v. Webster, 173 N.C. 442, 92 S.E. 157; Keating v. Keating, 182 Iowa 1056, 165 N.W. 74; Estes v. Estes, Tex.Civ.App., 255 S.W. 649. Bouv. Law Dict., Rawle's Third Revision, vol. 2, page 3110.

The second defense is that Mrs. Maxwell, being a legal resident of England, can only be proceeded against for an income tax matter in the manner provided for in the statute, to wit, through the tax collector at Baltimore, Maryland. Sec. 53 (b) (1), Title 26 U.S.C.A. Int.Rev.Code. And substituted service must be supported by property. Sec. 57, Judicial Code, 28 U. S.C.A. § 118; Chase v. Wetzlar, 225 U.S. 79, 32 S.Ct. 659, 56 L.Ed. 990; Critchton

v. Wingfield, 258 U.S. 66, 74, 42 S.Ct. 229, 66 L.Ed. 467. Of course, the support of the substituted service depends upon the correctness of the defense first noticed.

Believing that both positions of the defendant are correct, the cause will be dismissed.