EVA MORGAN PILKINGTON AND HUSBAND, G. J. PILKINGTON, v. T. W. WEST.

(Filed 18 September, 1957.)

**1. Husband and Wife § 12e: Trusts § 3a—**

    The conveyance by a married woman of her property to a trustee without any findings of fact or conclusions of law by the notary taking her acknowledgment that the instrument was not unreasonable or injurious to her as

required by G.S. 52-12, renders void any estate or trust attempted to be set up in favor of the husband.

**2. Trusts § 3b—**

A trust is active only when there is some duty or responsibility resting on the trustee.

**3. Appeal and Error § 61—**

A decision determining the rights of the parties as they had vested prior to an amendment of the Constitution is *obiter dicta* in its discussion of such rights under the constitutional amendment, and as to such *dicta* is entitled only to such consideration as its reason may impel.

**4. Trusts § 3e—**

While spendthrift trusts may be created when they conform to G.S. 41-9, a person cannot remove his property from liability for his debts or restrict his right of alienation by a conveyance of his own property to a trustee for his sole use and benefit.

**5. Trusts § 13—The fact that a trust is for the separate use of a married woman does not make it an active trust.**

Where a married woman conveys her separate property to a trustee for the benefit of herself during her life with provision that upon her death the trustee should convey the property to her heirs, and in the event of his failure to do so that the property should revert to her heirs, and it is apparent from the instrument that the word "heirs" was used in its technical sense and it is admitted that the possibility of issue of trustor is extinct, the trust is a passive trust executed by the Statute of Uses, since under Art. X, section 6, of the State Constitution the continuance of the trust is not necessary to preclude the husband of any interest in the property, nor is a continuance of the trust necessary to protect the wife against his importunities.

APPEAL by defendant from *Froneberger, J.,* May Civil Term 1957 of HAYWOOD.

Controversy without action under Art. 25, c. 1, G.S., to adjudicate the title to a parcel of land in Haywood County described in a deed from plaintiffs to defendant, dated 15 April 1957, which he has refused to accept and pay for in accordance with a contract between the parties. He asserts the deed will not convey good title in fee.

*E. L. Loftin for plaintiff appellee.*
*Ward & Bennett for defendant appellant.*

RODMAN, J.    The agreement of the parties on which judgment was rendered establishes these facts:

(1) *Feme* plaintiff was, on and prior to 18 October 1943, "the sole owner of all right, title and interest in" twelve acres which includes the land described in the deed of 15 April 1957 tendered by plaintiff to

defendant.  *Feme* plaintiff "was on said date in possession of said tract of land, and is and has been in possession of said land continuously since October 18, 1943 . . ."

(2) On 18 October 1943 plaintiffs executed a paper writing purporting to be a deed conveying said land to R. E. Sentelle as trustee.  The deed is recorded in Haywood County in Book 118, p. 517.

(3) On 14 June 1944 plaintiffs executed what is designated as a deed of revocation undertaking to revoke the trust created and described in their deed to Sentelle as trustee, recorded Book 118, p. 517.  The deed of revocation is duly recorded in the register's office of Haywood County in Book 119, p. 596.

(4) ". . . the plaintiffs had one child who died in infancy, but have no child at this time, and it is agreed that as to Eva Morgan Pilkington the possibility of issue is extinct."

(5) The deed of 18 October 1943 in the premise describes Eva Morgan Pilkington and husband G. J. Pilkington as "parties of the first part" and R. E. Sentelle "as trustee only . . . party of the second part, and EVA MORGAN PILKINGTON, party of the third part."  It recites that the parties of the first part "desire to make provisions for the preservation of the property hereinafter described, for the use and benefit of the said Eva Morgan Pilkington, her heirs and assigns."  The granting clause conveys "to the party of the second part irrevocably, for and during the lifetime of the said Eva Morgan Pilkington."

The *habendum* is to the party of the second part, his heirs and assigns "in trust, however, for the sole use, behoof and benefit of the said Eva Morgan Pilkington and her heirs, and the party of the second part hereby covenants and agrees with the said Eva Morgan Pilkington that he will suffer and permit her and such person as she may desire, without let or molestation to have, hold, use and occupy and enjoy the aforesaid premises with all rents, issues and products arising therefrom for her sole use and benefit, separate and apart from all other persons, and wholly free from interference, debts and liabilities, and all other interests whatsoever; and that he will at the death of said Eva Morgan Pilkington, convey the said lands and premises and all profits or proceeds therefrom remaining to the lawful heirs of the said Eva Morgan Pilkington.

"If, at the time of her death the said Eva Morgan Pilkington should leave surviving her a husband residing with her as such husband, then and in that event the rents, use and profits of said property shall go to the said husband for and during his lifetime if no children survive.  In the event children survive and husband, the rents, use and profits shall go for the use and benefit of the husband and children jointly, during his lifetime, and thereafter to her lawful heirs.

"The trust and holding of said property by the party of the second part shall continue under said circumstances during the lifetime of said husband.

"If the party of the second part shall fail or neglect to make said conveyance to the lawful heirs of the said Eva Morgan Pilkington at and after her death, or the death of the husband, as herein provided, then the said property shall automatically revert to and become the property of the said heirs at law of the said Eva Morgan Pilkington in as full and ample manner as if this conveyance had not been made."

This deed was acknowledged by the plaintiffs. Private examination of *feme* plaintiff was taken. The notary public who took the examination did not, however, make any findings of fact or conclusions of law as required by G.S. 52-12 that the instrument was not unreasonable or injurious to the *feme* plaintiff, the owner of the property. The absence of such conclusions and findings renders any estate or trust attempted to be set up in favor of the husband void. *McCullen v. Durham,* 229 N.C. 418, 50 S.E. 2d 511; *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624; *Fisher v. Fisher,* 217 N.C. 70, 6 S.E. 2d 812; *S.c.,* 218 N.C. 42, 9 S.E. 2d 493.

The statutory avoidance of any beneficial interest in the husband by the conveyance to Sentelle as trustee, coupled with the stipulation that *feme* plaintiff now has no children and will not hereafter have a child, leaves Sentelle as trustee having legal title for the sole use, behoof and benefit of the said Eva Morgan Pilkington for her life and then to her heirs.

Is the trust an active trust or a passive trust? A trust is active only when there is some duty or responsibility resting on the trustee. *Finch v. Honeycutt, ante,* 91; *Fisher v. Fisher, supra; Chinnis v. Cobb,* 210 N.C. 104, 185 S.E. 638; *Bank v. Sternberger,* 207 N.C. 811, 178 S.E. 595; *Patrick v. Beatty,* 202 N.C. 454, 163 S.E. 572; *Fowler v. Webster,* 173 N.C. 442, 92 S.E. 157; *Lummus v. Davidson,* 160 N.C. 484, 76 S.E. 474; *Kirkman v. Holland,* 139 N.C. 185; 54 Am. Jur. 30.

Does the fact that the trust is for the sole and separate use of a married woman make it an active trust not executed by the statute? This question has not heretofore been decided by this Court. Under the common law existing prior to the adoption of our Constitution in 1868, a husband was seized of an estate in the land of his wife during coverture which gave him the right to possession and control thereof. He could appropriate all the rents and profits to his own use and could sell and convey the land for a period not exceeding the coverture. *Perry v. Stancil,* 237 N.C. 442, 75 S.E. 2d 512; *Bloss v. ..............* , 3 N.C. 223; ·26 Am. Jur. 684.

· Hence trusts created for the sole and separate use of a married woman prior to the adoption of the Constitution of 1868 were active.

To permit the execution of the trust by the statute and vest both the legal and equitable estate in the wife would have defeated the very purpose of the trust. *Kirby v. Boyette,* 116 N.C. 165, affirmed on rehearing 118 N.C. 244, correctly adjudged that the instrument then under consideration created an active trust, but *Judge Avery,* both in his original opinion and in his opinion on rehearing, states that section 6 of Art. X of the Constitution did not change the law as it was, in his opinion, still necessary to protect the wife against importunities of the husband. The case involved a conveyance made in 1867. The husband's property rights had accrued when the constitutional property protection accorded married women became the law. The opinion as it relates to the effect of the Constitution on such trusts was *dicta* entitled to such consideration as its reasoning may furnish.

In weighing the opinion as it relates to conveyances subsequent to 1868, it is, we think, pertinent to note that the Court took the first opportunity to express its disapproval of the *dicta* in *Kirby v. Boyette. Justice H. G. Connor,* speaking with respect to the effect of Art. X, section 6, on such trusts, said: "Hence, it would seem that the reason which formerly controlled the courts in holding that a trust, when no duty was imposed, for the benefit of a married woman was active rather than passive, no longer exists in North Carolina." *Perkins v. Brinkley,* 133 N.C. 154. The opinion is noteworthy because, as *Justice Connor* points out, the observation with respect to such trusts was not necessary to the decision of that case.

*Kirby v. Boyette* was again adverted to in *Cameron v. Hicks,* 141 N.C. 21, but the Court then said it was not called upon to expressly decide the question. *Justice Connor* said: "Whether the rule should have been modified by reason of our constitutional provision, in regard to the status of married women, as suggested in *Perkins v. Brinkley,* 133 N.C. 154, it is useless to discuss."

Disagreement with the *dicta* in *Kirby v. Boyette* was again expressed in *Freeman v. Lide,* 176 N.C. 434, 97 S.E. 402. *Walker, J.,* said: "One of the powers conferred by the Constitution and assured by it to married women, and confirmed by statute, is the power to devise and bequeath her property, real and personal, and the statute has prescribed a method of executing this power—the same as for men. In view, therefore, of the changes made by the Constitution of 1868, art. 10, sec. 6, and the cases above cited, decided since *Kirby v. Boyette, supra,* the doctrine of that case ought not to be applied to trusts declared by deed or will made since the adoption of the Constitution, unless the trust is an active trust, and the mere use of the words 'sole and separate use,' without other words imposing some active duties upon the trustee or creating contingent estates to be preserved, ought not to prevent the statute from executing the use."

The activity of married women in the business world of today demonstrates the baselessness of *Judge Avery's* fear that the wife would, notwithstanding the constitutional guaranty, be so subject to the influence and dominance of her husband that she could not in fact exercise sole and separate use of her property without the intervention and protection of a third person.

We give our approval to this statement in 26 Am. Jur. 676: "A trust for the sole and separate use of a married woman, where the husband's common-law rights to her property have been abolished, cannot, of course, be sustained as an active trust on the theory that the trust is necessary in order to prevent such rights to the husband from attaching to the *corpus* . . ." The statute converts the trust into the legal separate estate of the wife.

The language of the covenant is specific in the declaration that trustee will hold "for her (settlor's) sole use and benefit." The clause immediately following, "and wholly free from interference, debts and liabilities, and all other interests whatsoever," was manifestly not intended as restricting Mrs. Pilkington's right to use the property or to free it from liability for her debts. While valid spendthrift trusts may be created when they conform to our statute, G.S. 41-9, one cannot remove his property from liability for his debts or restrict his right of alienation by a conveyance to a trustee for the sole use and benefit of the owner, grantor. *Schwren v. Falls,* 170 N.C. 251, 87 S.E. 49; *Vaughan v. Wise,* 152 N.C. 31, 67 S.E. 33; *Wool v. Fleetwood,* 136 N.C. 460; *Mebane v. Mebane,* 39 N.C. 131; *Nelson v. California Trust Co.,* 202 P. 2d 1021 (Cal.) ; *Schenck v. Barnes,* 50 N.E. 967 (N.Y.) ; Scott on Trusts, 2d Ed., sec. 156; Bogert, Trusts & Trustees L. A. p. 495; 89 C.J.S. 745; 54 Am. Jur. 134.

A passive trust for the *feme* plaintiff for her natural life is created. It is executed by statute. The only valid trust in remainder is to the heirs of the life tenant. By express language the trust is self-executing if the trustee fail to convey. It is passive; hence, the instrument conveys an estate for the *feme* plaintiff for her natural life with remainder in fee to her heirs. It is apparent that the word "heirs" is descriptive of those who take the fee and is used in its technical sense and not as meaning children. The distinction between children and heirs in its technical sense is clearly recognized in the instrument itself. It follows that the *feme* plaintiff has and can, with the written assent of her husband, convey an estate in fee simple. *Whitson v. Barnett,* 237 N.C. 483, 75 S.E. 2d 391; *Edgerton v. Harrison,* 230 N.C. 158, 52 S.E. 2d 357; *Rawls v. Roebuck,* 228 N.C. 537, 46 S.E. 2d 323; *Rose v. Rose,* 219 N.C. 20, 12 S.E. 2d 688.

For the reasons given it is unnecessary to consider the validity and effect of the deed of revocation.

Affirmed.