BRENDA LIVESAY, Trustee of the Ronald Livesay and Brenda Livesay Family Trust dated March 26, 1998, BRENDA LIVESAY, Guardian ad Litem for Candice Livesay and Ron Livesay, Jr., and BRENDA LIVESAY, Individually, Plaintiff v. CAROLINA FIRST BANK, SAFECO CORPORATION, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, and E.K. MORLEY, Administrator C.T.A. of the Estate of Ronald B. Livesay, Deceased, Defendants

No. COA07-1578

(Filed 19 August 2008)

**1. Trusts— assets subject to debts—revocability of trust**

There was no genuine issue of material fact concerning the revocability of a trust, and the court did not err by granting partial summary judgment for defendants in a declaratory judgment action to determine whether trust assets were subject to the debts of the trustor-decedent's estate.

**2. Trusts— assets subject to debts—applicable statute**

The trial court properly followed N.C.G.S. § 36C-5-505 rather than N.C.G.S. § 36A-115 in granting partial summary judgment for defendants in a declaratory judgment action to determine whether trust assets were subject to the debts of trustor-decedent's estate. This was not a discretionary, support, or protective trust.

**3. Trusts— revocable—no vested rights—assets subject to debts**

The beneficiaries of a revocable trust have no vested rights, merely an expectancy, and no constitutionally protected rights to trust assets. The grant of partial summary judgment against plaintiff in a declaratory judgment action to determine whether trust assets were subject to the debts of the trustor-debtors estate was not erroneous.

Appeal by plaintiff from an order entered 20 July 2007 by Judge Mark E. Powell in Henderson County Superior Court. Heard in the Court of Appeals 21 May 2008.

*Gary A. Dodd and Charles Brewer, for plaintiff-appellant.*

*Smith Moore LLP, by James G. Exum, Jr.; Poyner & Spruill LLP, by Judy Thompson; and Robinson, Bradshaw & Hinson, P.A., by Scott W. Gaylord, for defendants-appellees.*

JACKSON, Judge.

Brenda Livesay ("plaintiff"), individually and in her capacities as the Trustee of the Ronald Livesay and Brenda Livesay Family Trust ("the trust"), and as the guardian *ad litem* for Candice Livesay and Ron Livesay, Jr., appeals the trial court's granting of partial summary judgment in favor of Carolina First Bank, Safeco Corporation, First National Insurance Company of America, and E.K. Morley—Adminstrator CTA of the Estate of Ronald B. Livesay ("defendants"). For the reasons stated below we affirm.

In 1998, plaintiff and Ronald Livesay ("decedent"), as trustors, entered into a trust agreement, creating the trust for the benefit of the trustors and their children. Pursuant to the trust instrument, during their joint lives, the trustors enjoyed (1) the right to distributions of income, (2) the right to distributions of principal, (3) the right to revoke the trust in whole or in part, and (4) the right to alter or amend

the trust. Further, contributions to the trust assets were to retain their original character such that in the event of revocation, no rights existing prior to contribution would be diminished. Decedent was the initial trustee.

Upon the death of either trustor, the trust was to inure to the benefit of the surviving trustor and the trustors' children for their "health, education, and welfare." Upon the death of the surviving trustor, the trust was to inure to the benefit of the trustors' children, but no principal would be distributed until they reached the age of twenty-five. Decedent died on 1 July 2005.

On 30 December 2005, plaintiff—in her capacity as successor trustee of the trust, and otherwise—filed a declaratory judgment action seeking a declaration that the trust assets were not subject to the debts of decedent's estate. On 22 February 2006, the case was removed to the United States District Court for the Western District of North Carolina. On 7 June 2006, defendant E.K. Morley—as Administrator CTA of decedent's estate—moved to intervene in the federal action, which motion was granted by order dated 14 July 2006. He further counterclaimed, seeking to make the trust assets subject to the claims of estate creditors.

Defendants filed a joint motion for partial summary judgment in federal court on 10 November 2006. On 3 January 2007, plaintiff filed a motion to dismiss, or in the alternative, to remand to state court. Plaintiff's motion to remand was granted by order filed 9 May 2007.

Defendants filed a joint motion for partial summary judgment in state court on 6 June 2007. Defendants' motion was heard on 3 July 2007, and granted by order filed 20 July 2007. Plaintiff filed a notice of appeal on 27 July 2007, and posted an appeal bond that same day. She voluntarily dismissed, without prejudice, her remaining cause of action on 3 August 2007, and re-filed a notice of appeal on 8 August 2007.

[1] Plaintiff first argues that there are genuine issues of material fact such that the granting of defendants' motion for partial summary judgment was in error. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "An issue is 'genuine'

LIVESAY v. CAROLINA FIRST BANK

[192 N.C. App. 234 (2008)]

if it can be proven by substantial evidence and a fact is 'material' if it would constitute or irrevocably establish any material element of a claim or a defense." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citing *Bone International, Inc. v. Brooks*, 304 N.C. 371, 374-75, 283 S.E.2d 518, 520 (1981)).

In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004). We review an order allowing summary judgment *de novo*. *Summey*, 357 N.C. at 496, 586 S.E.2d at 249.

The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel*, 310 N.C. 695, 314 S.E.2d 506 (1984)). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. *See id.*

Here, defendants brought a motion for partial summary judgment based on the defense that the trust in question was revocable at the time of decedent's death and, therefore, pursuant to the Uniform Trust Act, the assets were subject to the claims of creditors of his estate. The fact that was 'material' to its motion was whether the trust was revocable.

Having pled the revocability of the trust as a bar to plaintiff's claim, it was incumbent upon plaintiff to rebut defendants' evidence with specific facts to the contrary. In response to defendants' motion, plaintiff filed an affidavit[1] in which she did not specifically allege that the trust was *not* revocable. She attached a copy of the trust document to her affidavit, which serves as substantial evidence. Pursuant

---

1. Although the affidavit was not filed timely, the court considered it in reaching its decision.

to the terms of the trust document, as explained *infra*, there was no genuine issue of material fact with respect to the revocability of the trust. Therefore, this argument is without merit.

**[2]** Plaintiff next argues that in granting partial summary judgment, the trial court did not follow the applicable law. We disagree.

Defendants contend that North Carolina General Statutes, section 36C-5-505 applies, pursuant to which:

> the property of a trust that was revocable at the settlor's death is subject to claims of the settlor's creditors, costs of administration of the settlor's estate, the expenses of the settlor's funeral and disposal of remains, and statutory allowances to a surviving spouse and children to the extent that the settlor's probate estate is inadequate to satisfy those claims, costs, expenses, and allowances, unless barred by applicable law.

N.C. Gen. Stat. § 36C-5-505(a)(3) (2007). The section was enacted in 2005, became effective on 1 January 2006, and applies to

> (i) all trusts created before, on, or after that date; (ii) all judicial proceedings concerning trusts commenced on or after that date; and (iii) judicial proceedings concerning trusts commenced before that date unless the court finds that application of a particular provision of Chapter 36C of the General Statutes would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties, in which case the particular provision of Chapter 36C of the General Statutes does not apply and the superseded law applies.

2005 N.C. Sess. Laws 192 § 7(a). Plaintiff contends section 36C-5-505 does not apply, but that instead section 36A-115 applies, which provides that "all estates or interests of trust beneficiaries are alienable either voluntarily or involuntarily to the same extent as are legal estates or interests of a similar nature[,]" except for (1) discretionary trusts, (2) support trusts, or (3) protective trusts. N.C. Gen. Stat. § 36A-115 (2003) (repealed effective 1 January 2006).

Plaintiff's contention is based upon the fact that upon decedent's death, the trust became irrevocable. However, this argument ignores the fact that up until the moment of his death, decedent possessed the power to enjoy (1) the right to distributions of income, (2) the right to distributions of principal, (3) the right to revoke the trust in whole or in part, and (4) the right to alter or amend the trust.

Pursuant to the United States Internal Revenue Code,

> The value of the gross estate shall include the value of all property . . . [t]o the extent of any interest therein of which the decedent has at any time made a transfer . . . , by trust or otherwise, *where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power . . . to alter, amend, revoke, or terminate . . . .*

26 U.S.C.A. § 2038(a)(1) (2002). Here, decedent died with the power to alter, amend, revoke, or terminate the trust. Therefore, the trust would be included in decedent's gross estate for estate tax purposes. Similarly, irrespective of the fate of the trust after decedent's death, until the moment of his death, the trust was revocable.

Section 36A-115 defines the inalienable trusts to which subsection (a), quoted *supra,* does not apply as follows:

> (1) Discretionary Trust.—A trust wherein the amount to be received by the beneficiary, including whether or not the beneficiary is to receive anything at all, is within the discretion of the trustee. A discretionary trust within the meaning of this subsection shall also include a trust for the benefit of one or more classes of beneficiaries as defined in the trust, wherein the amount to be received by any beneficiary or class of beneficiaries, including whether or not that beneficiary or class of beneficiaries is to receive anything at all, is determined by the board of directors of a certification entity. A certification entity is one that delivers on a yearly basis to the trustee a plan describing the categories of persons or entities to whom trust distributions will be made and explaining how each category falls within the definition of class or classes of beneficiaries defined in the trust.

> (2) Support Trust.—A trust wherein the trustee has no duty to pay or distribute any particular amount to the beneficiary, but has only a duty to pay or distribute to the beneficiary, or to apply on behalf of the beneficiary such sums as the trustee shall, in his discretion, determine are appropriate for the support, education or maintenance of the beneficiary.

> (3) Protective Trust.—A trust wherein the creating instrument provides that the interest of the beneficiary shall cease if

>> a. The beneficiary alienates or attempts to alienate that interest; or

    b. Any creditor attempts to reach the beneficiary's interest by attachment, levy, or otherwise; or

    c. The beneficiary becomes insolvent or bankrupt.

N.C. Gen. Stat. § 36A-115(b) (2003) (repealed effective 1 January 2006).

The trust was not a discretionary trust because the trustee had no discretion with respect to distributions upon the trustors' demand. Neither was it a support trust because there was no requirement for the assets and income to be used for the health, education, and welfare of the beneficiaries until after the death of a trustor. None of the trust terms fell within the meaning of a protective trust. Therefore, section 36A-115 cannot apply.

Pursuant to 2005 Session Laws, Chapter 192, section 7, the applicable law is section 36C-5-505 of the North Carolina General Statutes, "unless the court finds that application of [that provision] would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties[.]" 2005 N.C. Sess. Laws 192 § 7(a). The trial court did not so find.

The 2007 official comment to section 36C-5-505 clarifies that "[s]ubsection (a) is generally consistent with North Carolina case law with respect to the ability of a creditor to reach the property in a trust for the benefit of the settlor." N.C. Gen. Stat. § 36C-5-505 am. cmt. (2007) (citing *Pilkington v. West*, 246 N.C. 575, 580, 99 S.E.2d 798, 802 (1957)). As the statute is consistent with case law, we cannot say the trial court erred in finding it applicable to plaintiff's case. Therefore, this argument is without merit.

**[3]** Plaintiff next argues that the grant of partial summary judgment against her was erroneous because the trust assets are constitutionally protected. We disagree.

Plaintiff is correct in asserting that " '[a] retrospective statute, affecting or changing vested rights, is founded on unconstitutional principles and consequently void.' " *Bank v. Derby*, 218 N.C. 653, 659, 12 S.E.2d, 260, 264 (1940) (citations omitted). However, the beneficiaries of the trust at issue here had no vested rights affected or altered by the enactment of section 36C-5-505.

The official comments to section 36C-5-505 note that "[s]ubsection (a)(3) recognizes that a revocable trust is usually employed as a will substitute." N.C. Gen. Stat. § 36C-5-505 cmt. (2007). One other will substitute is a life insurance policy.

It is well settled that under a contract granting the policy owner the right to change beneficiaries, the rights of a designated beneficiary do not vest until the death of the insured. The designated beneficiary has a mere expectancy, which cannot ripen into a vested interest before the death of the insured. This is true, because the beneficiary whose right, under the policy, or certificate, may thus be taken away, has only a contingent interest therein, which will not vest until the death of the insured.

*Pierson v. Buyher*, 330 N.C. 182, 185, 409 S.E.2d 903, 905 (1991) (internal quotation marks and citations omitted). As with the beneficiaries of a will or a life insurance policy, the beneficiaries of a revocable trust have no vested rights, merely an expectancy. As such, they have no constitutionally protected rights to the trust assets. Therefore, this argument is without merit.

Finally, defendants have cross-assigned error to the trial court's consideration of plaintiff's affidavit which was not timely served and filed. Because we affirm the granting of partial summary judgment in defendants' favor, we need not address defendants' assignment of error.

Because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law, the trial court's granting of partial summary judgment in defendants' favor was without error.

Affirmed.

Judges HUNTER and STEPHENS concur.